No. 18.—JARED TOMLINSON, plaintiff in error, *vs.* JAMES R. COX,
defendant.

[1.] In all applications for a new trial in the Superior Courts, a brief of the
testimony in the cause must be filed by the party applying for such new
trial, under the revision and approval of the Court, at the term of the
Court at which the application is made, in conformity to the 61st Common
Law Rule of Practice, and the fact must be evidenced in writing.

[2.] A brief of the testimony which refers to executions, judgments and in-
terrogatories, as being attached, when in fact no such papers are appended,
is fatally defective; and the omission cannot be supplied by the certificate
of the presiding Judge, that he recognizes such documents as in Court be-
fore him, on the final hearing of the motion.

[3.] The best mode of making out the brief of the testimony, is to embody
in it an abridged statement of the oral, and a copy of the written evidence.

Motion for new trial, in Sumter Superior Court.   Decided by
Judge WARREN, at November Term, 1849.

When this motion came on to be heard, the claimant moved to
dismiss the rule, on the ground that no brief of the testimony in
this case was agreed on by counsel, and no approval of the Court
was entered on the minutes of the Court, as was required by the
61st Rule of Court, and there was not any written evidence that
a brief of the evidence had been filed with the Clerk.

The Court overruled the motion, and ordered a brief of the
evidence to be entered, *nunc pro tunc,* which the Court alleged

he remembered to have approved at the last term, and directed to be entered on the minutes.    To this decision complainant's counsel excepted.

Claimant farther objected, that the brief of testimony was not sufficiently full and complete; in this, that it referred to testimony of witnesses examined by commission, as the interrogatories of A and B, without giving an abstract of their contents; and, also, in referring to judgments and *fi. fas.* as appended · thereto, without giving any abstract of them, and when, in fact, they were not appended.

The Court overruled the objection and claimant excepted. Other exceptions were filed, not necessary to be stated.

B. HILL, for plaintiff in error.

H. MORGAN, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] In *Graddy vs. Hightower*, (1 *Kelly's R.* 255,) this Court held, " That nothing short of a *brief* of the testimony, approved by the Court, and such approval entered on the minutes, or agreed upon by the parties or their counsel, and such agreement entered on the minutes; at the term at which the rule for a new trial is applied for, will be a compliance with the 61st Rule of Court.    This rule requires, that " *A brief of the testimony in the cause shall be filed by the party applying for such new trial, under the revision and approval of the Court.*"    *Hotchkiss*, 951.    In *Petty and others vs. Mahaffy*, (3 *Kelly*, 217,) and *Hartridge vs. Wesson*, (4 *Kelly*, 101,) the same construction was given to this rule.

[2.] Now, it is not pretended that there was any *written* evidence of any agreement of counsel as to the brief of the testimony in this case, filed at the term when the motion was made for a new trial, or *written* approval thereof by the Court.    Had this been done, and the Clerk neglected to place it upon the minutes, it might have been entered, *nunc pro tunc*, at the ensuing term.    As it is, the objection is fatal.

· The brief itself, in the judgment of this Court, is fatally defective.    It refers to *fi. fas.* judgments and interrogatories, as being

attached, when, in fact, none such were appended.   It is true, that the presiding Judge certifies, that upon the final hearing of the motion, "he recognized these papers as in Court before him." But this does not cure the defect.   It will not do to confide such matters even to the memory of the Court.   Besides, it is the right of the opposite party to have a *perfect* brief *filed*, subject to his inspection, in the interim, in order that he may prepare for the argument.

[3.] We have been requested to suggest, what is the proper mode of making out the *brief* required by the rule.   Perhaps the best plan would be, to embody in it a short or abridged statement of the oral, and a copy of the written testimony.   We will not say, nor are we to be understood as deciding, that it will not do to annex the original documents; but these are often the private papers of the party introducing them, and subject to be withdrawn from the office; and inasmuch as this brief becomes a part of the record, it should be preserved in some permanent form.

In *Spears vs. Smith*, (7 *Ga. R.* 436;) we held, that it was not necessary that the brief should be entered on the minutes, as was ordered to be done in this case, but that it need be *filed* only.

Let the judgment of the Court below be reversed.