Tison *et al. vs.* Myrick *et al.*

| 60 | 123 |
|----|-----|
| 114 | 1003 |

Where a motion for new trial, by order, was to be heard at an adjourned term of court, and the judge was providentially prevented from then hearing it, he had no authority to dispose of the motion in the succeeding vacation.

Practice in the Superior Court. New trial. Before Judge HARRIS. Worth Superior Court. October Term, 1876.

Reported in the decision.

H. MORGAN ; STROZER & SMITH, for plaintiffs in error.

L. D. C. WARREN, for defendants.

WARNER, Chief Justice.

When this case was called on the docket for a hearing, the defendant in error made a motion to dismiss it, on the ground that the judge had no legal power or authority to hear and grant the motion for a new trial at the time the refusal to do so is complained of.   It appears from the record and bill of exceptions, that the case was tried in the county of Worth, at the October term of the court, 1876 ; that a motion for a new trial was made, and, by the agreement of counsel on both sides, it was ordered by the court that defendants' counsel might file a brief of the evidence and *rule nisi*, and the motion be heard before the judge at the adjourned term of Dougherty superior court, on the 5th Monday in October, 1876 ; that at said adjourned term of Dougherty superior court, the judge was absent from providential cause, and the case, in the words of the bill of exceptions, " stood over."   Afterwards the judge, by appointment, on the 26th of July, 1877, heard the motion for a new trial and refused it.

The order of the court to hear the motion for the new trial at the adjourned term of Dougherty superior court, expired, according to the terms thereof, with the adjournment of that adjourned term of that court.   What legal power or authority the judge had to take up the case in vacation on the 26th of July, 1877, more than eight months after the time appointed for the hearing thereof by the original order of the court had expired, is not at all apparent to us, but, on the contrary, the judge was prohibited by the 249th section of the Code from exercising any power out of term time except the authority is expressly granted, and that may have been the reason why the judge refused the motion.

Let the writ of error be dismissed.