Pease *vs.* Pease.

---

## PEASE *vs.* PEASE.

A motion for new trial must be made during the term when the decision complained of was rendered, and a brief of the evidence must be filed under the revision and approval of the court. If, instead of pursuing the course prescribed by strict law, a party enters into a consent order for the brief of evidence to be filed within a specified time, and to argue the motion in vacation, time is of the essence of the contract, and the movant must abide by his bargain. Where the order passed in term time provided for the filing of a brief of evidence within sixty days thereafter, and the brief though filed within the time, was never agreed upon, nor was presented to the court for approval until several months after the prescribed time had elapsed, the judgment of the court dismissing the motion on that ground will not be reversed.

Practice in the Superior Court. New Trial. Before Judge FLEMING. McIntosh County. At Chambers. August 19th, 1880.

Reported in the decision.

MELDRIM & FRASER; W. U. GARRARD, for plaintiff in error.

W. A. WAY; R. E. LESTER, for defendant.

SPEER, Justice.

Augusta J. Pease made application for a year's support, and at the November term, 1879, of McIntosh superior

court the case was tried on the appeal and verdict rendered for the plaintiff. The defendant below filed a motion for a new trial, and during the term of the court (on the 29th of November, 1879,) took an order "that the motion for a new trial be heard and decided in vacation on ten days' notice by either party to the other, and that the movant *have sixty days in which to file a brief of evidence*, and that either party shall have the right to file bill of exceptions to the judgment on motion for new trial, within thirty days from the filing of same in the clerk's office of this court, and that this order operate as a *supersedeas*."

It further appears that the brief of evidence on the same day was filed in the clerk's office for revision and approval. This brief of evidence after this (but at what time the record does not disclose), passed into the possession of the attorneys for the defendant in error and was received back by the attorneys for plaintiff in error, on the third day of August, 1880, without correction or agreement. The same being returned to attorneys for defendant in error for correction or agreement, said attorneys on the 6th of August, 1880, delivered to attorneys for plaintiff in error a new and different brief of evidence. On the following day, the 7th of August, 1880, counsel for plaintiff in error sent both of these briefs to the judge with the request that he revise and approve the movant's brief of evidence and decide the motion upon written argument then submitted. The judge refused to revise and approve the brief of evidence, and dismissed the motion for a new trial on the ground "that the brief of evidence was not filed under the revision and approval of the court, and had not been submitted for revision and approval *within sixty days from the adjournment of the court*, as required by the order of the court." To this decision dismissing said motion the plaintiff in error excepted.

In the case of the *Western & Atlantic Railroad Com-*

*pany vs. Tillman W. Johnson,* 59 *Ga.,* 626, this court ruled, "If instead of resting on and pursuing the strict law of new trials, a party enters into a consent order to file his motion, within a given time after the adjournment of the court, and to file an approved brief of the evidence within the same time, he must abide by his bargain. Time is of the essence of the contract, and an excuse for delay should amount to providential cause or be disregarded." 3 Kelly, 217; 5 *Ga.,* 899; 8 *Ga.,* 111; 55 *Ga.,* 342; 60 *Ga.,* 123.

It is insisted by counsel for plaintiff in error that the failing to have the brief of evidence revised and approved was merely technical, and that in the exercise of a sound discretion the court should have waived the limitation provided for in the consent order, and revised and approved the brief when tendered, and we are asked to control this discretion by reversing the judgment dismissing the motion on this ground.

The rule of court imperatively requires that the brief of the testimony in the cause "shall be filed by the party applying for such new trial under the revision and approval of the court," and §3719 of the Code requires that "all motions for new trial must be made, except in extraordinary cases, at the term at which the trial was had." It is evident that the law deemed it the wisest and best policy to have this proceeding prepared while the facts of the case were fresh in the mind of court and counsel, and also to expedite a final determination of the case. Our own experience has satisfied us of the wisdom of this rule; and when it is extended as a matter of convenience or of necessity, it is best its strict terms should be fulfilled. Those who have experience on the circuit bench well understand the embarrassments that often arise both to court and counsel by these orders of postponement in agreeing upon and approving the brief of evidence after a lapse of months from the trial, and nothing contributes more to a fair and just review of the cause here than to

have a faithful and literal report of the evidence upon which verdicts rest and judgments are pronounced. We therefore recognize the wisdom and good policy of enforcing those rules that are more likely to lead to such a result.

This much we deemed it proper to say in reply to the plea that this was a technical rule that should not be strictly enforced.

We are of opinion the case quoted in 59 *Ga.*, 626, con· trols the principle of this case.

Let the judgment of the court below be affirmed.