### FERRILL *vs.* MARKS.

1. It is not competent for a judge of the superior court, sitting in chambers, to entertain an original motion for new trial, where no prior action has been taken in term time.
2. If the motion in this case had originated at the proper term, the affidavit to sustain it does not show that, if the plaintiff had been present at the trial, a different result would have been reached, nor that he was without fault in not being at the trial; and the motion was properly overruled.

January 12, 1886.

New Trial. Practice in Superior Court. Before Judge RONEY. Richmond Superior Court. April Term, 1885.

Marks, trustee, brought complaint for land against Ferrill *et al.* An order was passed by the presiding judge reciting that, the case having been called for trial, and the defendant not being ready,

"It is, by consent of plaintiff and defendants, ordered that the said case (be) submitted both as to the law and the facts to the court without a jury, to be passed upon by him both as to the law and the facts, with the same right to either party to except or move for new trial, or take any other action in the premises as they would have upon a trial by court and jury. And it is further ordered that the said case be called for trial at such time as the court may indicate."

On February 7, 1885 (which, the bill of exceptions alleges, was the last day of the term and on the eve of adjournment), judgment was rendered for the plaintiff, reciting that the case had been submitted to the court to be passed upon without a jury. The defendant, Ferrill, moved for a new trial, on the following grounds:

(1.) Because the case was tried and a judgment rendered against him during his absence, and when he had no

knowledge of the fact that the case was to be tried.

(2.) Because he was not represented in said trial ly counsel. He had engaged counsel and relied upon them to represent him, but they declined, when called upon by the court, on the ground that their fees had not been paid; and although he had not been notified that they would not serve him, the case was called and tried without his presence and with no one to represent him.

(3.) Because the case was tried without a jury, and the question of fact submitted to the court as a jury without his knowledge or consent, an agreement to do this having been entered into by one of his counsel, who, while refusing to represent him in the trial, allowed the agreement to stand, thereby claiming to be his counsel for this purpose alone.

(4.) Because no witness on his part was sworn or testified on the trial of this case, although a number had been subpœnaed for a previous day and were not notified to be present when the case was tried.

(5.) Because great injustice had been done him by the unauthorized trial in his absence.

(6.) Because he had been informed that the trial of said case had been continued to the April term of said court, whereby he was deceived and defrauded out of his legal right to be heard in his defence.

In support of the motion, Ferrill made an affidavit that he had no knowledge, directly or indirectly, that the case was to be tried at the October term, 1884; that he was informed that it had been continued until the April term, 1885, and, as he received no notice to come to court from either of the attorneys, who he supposed would represent him, he honestly believed that his information as to the continuance was correct; that in the trial, he was not represented, both of the counsel upon whom he relied declining to represent him, on the ground, as he was informed, that he had not paid them their fees; that whilst he had not so paid them, he had no recollection of being informed by

either one that they would not represent him, and he relied on them to do so; that he honestly and truly believed that he had a good, valid and legal defence, which, by the case being tried in his absence, he was not permitted to be present; that at the previous, or perhaps at the same term, this case was tried, a motion for non-suit granted, and a new trial awarded to the plaintiff; that he was informed that one of the counsel, who he supposed would represent him, entered into an agreement with the plaintiff's counsel to try the case without a jury; that defendant was not consulted, and did not know of the agreement or consent thereto; and that, notwithstanding the fact that the attorney who so agreed refused to represent him, the arrangement was carried out, the trial conducted without a jury, and a verdict rendered against him.

The motion was overruled, and Ferrill excepted.

The presiding judge added the following note to the bill of exceptions :

'At the trial term of this case, it was regularly assigned for trial, and the order of assignment published in the city papers for some time. On the day set for trial, the plaintiff and his counsel announced ready. Further time was asked by defendant's attorney, H. D. D. Twiggs, on account of the absence of defendant. Another day was assigned for trial, and defendant's counsel, on his own motion, agreed to submit the law and facts of the case to the court without the intervention of a jury. When the day for trial arrived, the defendant nor his counsel were present. The court delayed the case and sent for defendant's attorney, and received a message that he no longer represented defendant. The court then asked if the defendant had been notified of the day of trial, when one of plaintiff's witnesses arose in court and said he had notified the defendant of day of trial. The trial was then ordered to proceed.''

It is recited in the motion and bill of exceptions that such motion was made at the next term after the trial (the April term, 1885). It was filed April 24, 1885. The acknowledgment of service was dated February 12, 1885.

Adolph. Brandt, for plaintiff in error.

F. W. CAPERS, JR., for defendant.

BLANDFORD, Justice.

Marks recovered a judgment against Ferrill, and there upon Ferrill in vacation made what he called an extraordinary motion for new trial. The court denied the motion, and the case is brought here for review.

Such a motion as this cannot be made in vacation. 55 *Ga.*, 344.

But even if this motion had originated in term, and at the proper term, the affidavits to sustain plaintiff's motion do not show that, if he had been present at the trial, a different result would have been reached, and it is not shown that the movant was without fault in not being at the trial. Under these circumstances, we think the court was right in refusing the new trial.

Judgment affirmed.