THE GAS-LIGHT COMPANY OF AUGUSTA *et al.* *vs.* WEST *et al.*

The power conferred by the constitution upon the courts to grant charters to corporations is legislative and not judicial in its character; and there is no provision of law authorizing any one to appear and object to the grant of corporate powers by the courts, nor is there any provision for a review by this court, by writ of error or otherwise, of the action of the superior court in granting corporate powers to private companies.

November 23, 1886.

Courts. Charters. Corporations. Constitutional Law. Practice in Supreme Court. Before Judge RONEY. Richmond Superior Court. April Term, 1886.

Reported in the decision.

J. B. CUMMING; J. C. C. BLACK; FOSTER & LAMAR; J. S. DAVIDSON, for plaintiffs in error.

J. GANAHL, for defendants.

BLANDFORD, Justice.

The defendants in error applied to the superior court of Richmond county to be incorporated under the name of the Mutual Gas-Light Company. The Augusta Gas-Light

Company, George T. Barnes *et al.* appeared and filed objections to said grant of incorporation. Upon objections and motion by the petitioners, the court dismissed said *caveat* upon the ground that the objectors had no right. to *caveat* or object to the application of petitioners to be incorporated as they proposed. To this action of the court the caveators objected and bring the matter to this court. The case being called, a motion is made by the defendants in error to dismiss the writ of error, upon the ground that this court has no power to review the action of the superior court in granting or refusing a charter of incorporation.

Art. 3, sec. 7, par. 18 of the constitution of this State (code, §5077) declares that "The General Assembly shall have no power to grant corporate powers and privileges to private companies, except banking, insurance, railroad, canal, navigation, express and telegraph companies, . . . . but it shall prescribe by law the manner in which such powers shall be exercised by the courts." The power conferred by this clause of the constitution upon the courts is most clearly legislative in its character; it is a power to create, and not judicial. A judicial power extends to deciding, determining controversies which arise between persons and individuals according to law. The act of granting corporate powers to private companies is not at all judicial, but on the contrary, legislative; it is a part of the sovereign power of the State most usually exercised by the legislature, but in this State committed by the constitution to the courts, under the law as prescribed by the legislature. The law prescribed by the legislature is to be found in various paragraphs under section 1676 of the code. And in that law there is no provision which authorizes any one to appear and object to the grant of corporate powers by the courts, nor is there any provision for the review by this court, by writ of error or otherwise, of the action of the courts in granting corporate powers to private companies. This being so, the motion to dismiss the writ of error in this case must prevail.

Writ of error dismissed.