114  676
s120  718

REID *v.* CALDWELL *et al.*, trustees.

1. While, under the ruling made in the case of *Reid* v. *Caldwell*, 110 *Ga.* 481, the plaintiff could not, owing to the nature of his contract, maintain an action to recover a portion of the stock in dispute, he was entitled to sue upon the entire contract for the whole amount of the stock.
2. The evidence for the plaintiff showing that his title depended upon conditions which had not been performed, the court did not err in granting a nonsuit.
3. Harmless error will not work a reversal of the judgment of the trial court.

Argued January 6, — Decided February 6, 1902.

Trover.    Before Judge Spence.    Decatur superior court.    November term, 1900.

*Hawes & Hawes*, for plaintiff.    *A. T. London, Townsend & Westmoreland*, and *Bower & Bower*, for defendants.

LEWIS, J.    This was an action of trover brought by Reid against Caldwell and others, as trustees representing the stockholders of the Flint River Lumber Company, to recover 375 shares of the stock of that company.    The defendants pleaded res adjudicata, and also pleaded not guilty.    At the conclusion of the plaintiff's evidence the court, upon motion, granted a nonsuit, and the plaintiff excepted.

1. A case between these parties, based upon the same contract that is involved in the present suit, has been before this court, and was decided adversely to the present plaintiff in error.    See *Reid* v. *Caldwell*, 110 *Ga.* 481.    There is a very decided difference, however, between the case in the 110 *Ga.* and the one now under

consideration. In the former, the plaintiff sought to recover a pro rata proportion of the stock in controversy. The court held that the contract upon which his title to the stock depended was an entire contract, and must be sued on as such in order to entitle the plaintiff to recover any of the stock. The present action is brought to recover 375 shares of stock, the full amount to which the plaintiff would be entitled upon the complete performance of the contract. The case in the 110 *Ga.* decided, not that the plaintiff was not entitled to recover upon the contract at all, but that the contract was not severable and hence would not permit of a recovery of a pro rata proportion of the stock in dispute. The present action is brought upon the entire contract, and is not subject to the demurrers which were sustained in the former case. It follows that the plea of res adjudicata was without merit.

2. Whatever claim the plaintiff has to the stock in controversy is based upon a contract entered into between him and the defendants, which in substance provides that in consideration of securing the personal services, skill, and management of the plaintiff in the conduct of the business of the Flint River Lumber Company, the defendants will, upon the payment by the plaintiff of $24,000 in specified instalments, convey to him 375 shares of stock in that company. From the plaintiff's own testimony it appeared that he had paid only $7,500 upon this contract. Clearly, then, he could not maintain his action to recover the stock for which he sued. It is unnecessary to consider the legal effect of the sale by the defendants of the stock, because, in view of the fact that no title had vested in the plaintiff, such a sale could in no way have affected his rights. It was necessary for him to show title in himself in order to maintain his suit. See *Mitchell* v. *Ry.*, 111 *Ga.* 763, and cases cited. Having failed to do so, the judgment of nonsuit which was rendered was clearly proper.

3. The record discloses that error was committed by the court below in excluding evidence; but in view of the fact that this evidence, even if admitted, could not have produced any different result from that which was reached, the judgment of the court below will not on that account be disturbed.

*Judgment affirmed. All the Justices concurring.*