### FOWLER *et al.* v. PARKS *et al.*

LUMPKIN, J. 1. There was no error in allowing the two amendments to the petition.

2. Agency can not be proved by testimony of the sayings of the purported agent; but under the pleadings and evidence, including the claim of right asserted by one of the defendants, the admission in evidence, at an interlocutory hearing, of the statements of certain persons who cut and removed wood from land, that they were acting under the direction of a named principal, will not require a reversal.

3. Where the plaintiffs alleged that they claimed title to land under the provisions of a will, the fact that they did not allege that such will had been probated was not sufficient to cause the exclusion from evidence of a certified copy of the will and probate, when offered upon an interlocutory application for injunction by the devisees to protect their possession.

4. Under the pleadings and evidence there was no abuse of discretion in granting an interlocutory injunction.

5. The presiding judge granted an injunction, with a restraining order also against the plaintiffs, and required them to give a bond, so as to preserve the status until the final trial. He did not pass upon the demurrers as such, or make specific rulings of law as the basis of his decision; nor is the case so clearly controlled by a question of law as to require this court to deal with it upon that basis. The order granted by the presiding judge (with a correction hereinafter indicated) being authorized, under the pleadings and evidence, as a preservative exercise of discretion, pendente lite, this court will not reverse it or undertake to determine finally the ultimate rights of the parties or to decide the various questions raised by the demurrer.

6. The part of the order requiring a bond to be given is not accurately

adjusted to the ruling which the judge made in granting the injunction, in that it requires "the defendants" to give to "the plaintiffs" (naming one of the defendants) a bond conditioned to pay such defendant any and all amounts of rent that may be recovered against them "for the use of seven-eighths interest in said land," etc. The plaintiffs claimed undivided interests. The defendants claimed the entire title. As the plaintiffs were left in possession under the protection of an injunction, if a bond was required of them it should have covered the use of the land, and not of seven-eighths interest in it, leaving out of view the other eighth interest, the possession of the latter accompanying that of the seven-eighths. But this will not require a reversal. Direction is given that the words "seven-eighths interest in" be eliminated from the order, and the inaccurate reference to the parties be corrected.

*Judgment affirmed, with direction. All the Justices concur.*

OCTOBER 16, 1912.

Injunction. Before Judge Frank Park. Worth superior court. April 6, 1912.

*Payton, Hay & Nottingham,* for plaintiffs in error.
*Perry, Foy & Monk,* contra.