### 6693.  MOATS *v.* FARKAS.

BROYLES, J.  This was a suit in trover to recover a mule.  The plaintiff having elected to take a money verdict, and the allegations in his petition as to the value of the property having been denied in the answer, and there being no evidence whatever as to the value of the property, the verdict for the plaintiff was without evidence to support it.  *Bell* v. *Ober*, 96 *Ga.* 214 (23 S. E. 7) ; *Brooke* v. *Lowe*, 122 *Ga.* 358 (4), 361 (50 S. E. 146) ; *Oglesby* v. *Hanson*, 7 *Ga. App.* 318 (66 S. E. 802) ; *Peeples* v. *Felton*, 14 *Ga. App.* 5 (80 S. E. 21) ; *Young* v. *Durham*, 15 *Ga. App.* 678 (84 S. E. 165).      ·      *Judgment reversed.  Russell, C. J., absent.*
                         DECIDED APRIL 17, 1916.

Trover; from city court of Leesburg—Judge Martin.  May 20, 1915.

*J. B. Hall,* for plaintiff in error.

---

### 6706.  GOODMAN *v.* BROWN.

WADE, J.  In order to warrant the setting aside of a verdict and judgment, on the ground that the defendant was, by reason of sickness, prevented from being present at the trial, it is incumbent upon the movant to show that he was injured by such absence, that he had a meritorious defense, and that, had he been present, there would probably have been a different result and one more favorable to him.  See *McCall* v. *Miller*, 120 *Ga.* 268 (47 S. E. 920) ; *Phillips* v. *Taber*, 83 *Ga.* 565, 566 (10 S. E. 270) ; *Ferrill* v. *Marks*, 76 *Ga.* 21; *Peacock* v. *Usry*, 52 *Ga.* 354.  The defendant having failed to comply with this well-settled rule, the trial judge did not abuse his discretion in denying the extraordinary motion for a new trial.      *Judgment affirmed.  Russell, C. J., absent.*
                         DECIDED APRIL 17, 1916.

Trover; from city court of Leesburg—Judge Martin.  May 12, 1915.

*Shipp & Sheppard,* for plaintiff in error.  *Wallis & Fort,* contra.