**17862, 17891. TAYLOR v. KEOWN; and vice versa.**

1. An amendment to a petition for damages for personal injuries which merely increases the amount sued for is not such an amendment as to "materially change the cause of action or defense" and open the petition as amended to demurrer or plea.

2. Where, as in this case, an amendment is allowed increasing from $2,000 to $5,000 the amount of alleged damages, and a verdict for $2,500 is rendered, and where the plaintiff voluntarily writes from the verdict $500, and thus reduces the amount of the verdict to the amount originally sued for, the allowance of the amendment is harmless, even if such allowance were error.

3. The judge erred in setting aside the judgment in favor of the plaintiff.

DECIDED APRIL 12, 1927.

Appeal and Error, 4 C. J. p. 883, n. 33; p. 908, n. 63; p. 945, n. 99; p. 1168, n. 98.

Pleading, 31 Cyc. p. 417, n. 40, 45.

Damages'; from Floyd superior court—Judge Maddox. December 11, 1926.

Application for certiorari was made to the Supreme Court.

Henry Taylor brought suit to the July term, 1926, of the superior court of Floyd county, against Homer Keown, for damages in the sum of $2,000, for personal injuries sustained as the result of Keown driving his automobile into the petitioner's truck; the suit being filed May 7, 1926, and the defendant being served in person on that date. On the call of the appearance docket an entry of default was made. When the case was called at the trial term, on October 16, 1926, the defendant was still in default, and was not present. A jury was selected, and during the progress of the trial the plaintiff offered an amendment to his petition, changing the amount sued for from $2,000 to $5,000, and the amendment was allowed. The jury returned a verdict in favor of the plaintiff for $2,500, which was made the judgment of the court, on October 16, 1926. The defendant, on November 12, 1926, made a motion to set aside the said verdict and judgment, on several grounds, which are substantially as follows: Because the plaintiff offered an amendment at the trial term, increasing the amount sued for from $2,000 to $5,000, which amendment opened the default; the amendment was allowed without notice to the defendant; this amendment subjected the petition and the amendment to demurrer and answer, which was not allowed; the court should have continued the case and given defendant an opportunity to answer; the case was called out of its order and without notice to the defendant, and contrary to the rules of practice in Floyd superior court; the judge had announced that no further business would be taken up that week except the case which was then being tried; the defendant had not waived his right to be present at the trial; the amendment was material; the defendant has a good and meritorious defense to said suit, which was not filed in the first instance because of a misunderstanding on his part. To this petition the plaintiff filed his answer, and upon the hearing of the issues both plaintiff and defendant introduced evidence, and after argument the judge passed the following order on December 11, 1926: "The within motion to set aside verdict and judgment coming on for a hearing, after evidence

being submitted and argument of counsel heard, the court is of the opinion that the amendment to the petition of Henry Taylor, which changed the amount sued for from $2,000 to $5,000, was such an amendment as is contemplated by section 5652 of the Civil Code, and had the effect of opening the default that had been entered in said cause, and that movant should then have been allowed a reasonable time for answering such amendment, and that in view of the fact that the amendment was offered and allowed just as the jury was retiring to the jury room to make its verdict, that movant had no notice of such amendment and hadn't a reasonable time in which to answer. For the reason assigned and for this reason alone, the court is of the opinion that the verdict and judgment should be set aside; wherefore it is ordered and adjudged that the verdict and judgment complained of be and the same is declared null, void, and of no effect, and that the same is vacated." The plaintiff, Henry Taylor, now plaintiff in error in the main bill of exceptions, excepted to and assigns error on this order, on the ground, in substance, that the amendment increasing the amount sued for from $2,000 to $5,000 "was not one which materially changed the cause of action or defense," and that the setting aside of said verdict and judgment "was further contrary to law and the evidence because plaintiff, the said Henry Taylor, voluntarily and in open court, and in his answer to the motion of Homer Keown to set aside said verdict and judgment, voluntarily wrote off from said verdict and judgment the sum of $500; and even if there was error in the trial court in the allowing of said amendment by plaintiff, changing the amount of damages claimed from $2,000 to $5,000 without allowing the defendant a reasonable time for answering such amendment, . . same was harmless and not hurtful to the defendant, because, under the record, now plaintiff only has a verdict and judgment for the sum of $2,000, the original amount sued for by plaintiff." The defendant, Homer Keown, in a cross-bill of exceptions, excepts to and assigns error on this order setting aside the verdict and judgment, because the verdict and judgment were set aside for the one reason stated in the order hereinbefore set out, and "for this reason alone," and should have been set aside for all the reasons urged by the defendant in his motion.

*Porter & Mebane,* for plaintiff.

*Nathan Harris, Maddox, Matthews & Owens,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts.) The amendment to the petition merely changed the amount of damages alleged to have resulted from the injury to the plaintiff from $2,000 to $5,000. The petition was not otherwise changed. We do not think that such an amendment so *"materially changes the cause of action or defense"* (italics ours) as to open the petition as amended to demurrer or plea. Civil Code (1910), § 5652. It is undisputed that the defendant had notice of the suit, that he was properly served, that he had discussed the matter with the plaintiff's attorney, and that he failed to appear in person or by counsel at the calling of the appearance docket or at the trial term. In fact, there is ample evidence supporting the allegation, in the answer to the petition to set aside the judgment, that "the said Homer Keown told counsel for the plaintiff that he was not going to defend said case, and that so far as he was concerned, plaintiff could go ahead and try his suit and get a judgment against him, because it was not his duty to defend said suit, but the duty of the insurance company." But should we concede that the defendant was not guilty of laches in failing to appear and file his defense, and that the court erred in failing to sustain the motion to set aside the judgment for all the reasons alleged in said motion, still the error was harmless, because the record shows that the "plaintiff, the said Henry Taylor, voluntarily and in open court and in his answer to the motion of Homer Keown to set aside said verdict and judgment, voluntarily wrote off from said verdict and judgment the sum of $500." This had the same effect as a withdrawal of the amendment to the petition would have had; it reduced the judgment to the amount for which suit was originally brought, and left the defendant in exactly the same position in which he would have been had the amendment not been allowed. Therefore he was not harmed by said amendment.

In regard to the cross-bill of exceptions, there was conflicting evidence as to each issue raised by the motion to set aside the judgment and which was brought to this court by the cross-bill, and "upon these questions of fact involved the trial judge was the trior and his finding thereon is conclusive." *Montgomery* v. *Bowen,* 20 *Ga. App.* 493 (2) (93 S. E. 111). Under the facts of the case the allowance of the amendment to the petition resulted in no injury to the defendant, and the trial judge erred in setting aside

the judgment rendered in favor of the plaintiff. "To authorize a reversal of the judgment of the lower court, not only error but injury must be shown." *Elrod* v. *Grant*, 9 *Ga. App.* 309 (71 S. E. 501); *Hancock* v. *Tifton Guano Co.*, 19 *Ga. App.* 185 (4) 91 S. E. 246); *Goodman* v. *Brown*, 17 *Ga. App.* 778 (88 S. E. 593); *Reid* v. *Caldwell*, 114 *Ga.* 676 (3) (40 S. E. 712); *Smith* v. *Peacock*, 114 *Ga.* 698 (5) (40 S. E. 757, 88 Am. St. R. 53); *Lee* v. *Pearson*, 138 *Ga.* 646 (5) (75 S. E. 1051); *Turner* v. *State*, 138 *Ga.* 808 (3) (76 S. E. 349); *First National Bank of Chattanooga* v. *American Sugar Refining Co.*, 120 *Ga.* 717 (48 S. E. 326); *Braswell* v. *Equitable Mortgage Co.*, 110 *Ga.* 30, 33 (35 S. E. 322). The cross-bill of exceptions shows no valid reason why the verdict and judgment in favor of the plaintiff should have been set aside.

*Judgment on main bill of exceptions reversed; on cross-bill affirmed. Broyles, C. J., and Luke, J., concur.*