## 43925.    BOARD OF TAX ASSESSORS OF MUSCOGEE COUNTY v. HEARD et al.

ARGUED SEPTEMBER 10, 1968—DECIDED OCTOBER 25, 1968.

*Charles M. Evert, Roberts & Thornton, Jack M. Thornton,* for appellant.

*Kelly, Champion & Henson, Kenneth M. Henson, Ray L. Allison,* for appellees.

PANNELL, Judge. Statement of facts. This is an appeal

from an order entered in six separate cases which were consolidated for argument in the trial court. The appellee taxpayers filed a petition or application to the Superior Court of Muscogee County seeking the appointment by the judge of the superior court of a third arbitrator pursuant to *Code Ann.* § 92-6912 as amended and for leave of court to substitute an arbitrator for the one originally named by the taxpayers when they made their demand for arbitration, and naming the successor arbitrator. It appeared from the allegations that the county had named its arbitrator and that the two arbitrators had been unable to agree upon the third and, further, that the arbitrator appointed by the taxpayers desired to withdraw and the petitioners named a new arbitrator. A rule nisi was issued and served upon the defendant board of tax assessors. The answer of the tax board set forth the following defenses so far as here material: "First Defense. 1. Said petition states no cause of action. 2. Said petition states no cause of action in equity and sets forth no grounds or basis for equitable relief, whatsoever. 3. Said equitable relief sought in said petition is vague, uncertain and indefinite. 4. Said petition should abate and be dismissed for the reason that there is no provision in law for the relief sought by petitioners, and that there is certainly no right for this court to allow a substitution of arbitrators, inasmuch as the statutory time for the appointment of such arbitrators has expired. 5. That this petition should abate for the reason that this court has no equitable or legal right to stop any governmental agent or authority from proceeding as provided by Georgia law. Second Defense. 6. These defendants show that there is no such provision in Georgia law, that the statutory time for the appointment of an arbitrator has expired, and that said taxpayers have no right to appoint another arbitrator. Further, the defendants show that the said James E. Hendrix [the successor named] is disqualified to act as an arbitrator. 8. Defendants admit that the property owners have requested judicial supervision of the arbitration, but show that there is no such power in Georgia law to supervise the same, except as provided by Georgia statutes." Prayers of the defendants' answer were: "(A) That said action be dismissed; (B) That plaintiff be directed to

purge inconsistent and vague matters from said petition; (C) That the relief requested by plaintiff be denied; (D) That the court find that the assessment made by the board of tax assessors be entered on the Tax Digest of Muscogee County, Georgia, in place of any award made by a board of arbitrators; (E) That if necessary, defendants have trial by jury." At the hearing, it was stipulated that the arbitrator appointed by the taxpayers was the husband and father of the taxpayers. At the hearing, the defendants contended that the first arbitrator named by the taxpayers was disqualified. The trial judge also refused to permit the defendants to examine the second appointee of the taxpayers to determine whether or not he was qualified on the grounds that no specific attack had been made on his qualification. The trial court entered the following order: "It was stipulated that Kenneth E. White, Jr., the arbitrator named by Elizabeth Heard White, is the husband of Elizabeth Heard White and is the son-in-law of Elizabeth D. Heard.

"Movant offered to withdraw Kenneth E. White, Jr., as arbitrator and to appoint James E. Hendrix as substitute arbitrator if the tax assessors objected to Kenneth E. White, Jr., as an arbitrator on the grounds of his relationship to the movant or if the tax assessors did not insist upon their objection to Kenneth E. White, Jr., to proceed with the arbitration. The tax assessors insisted upon their objections to Kenneth E. White, Jr., as an arbitrator and objected to the allowance of any substitution.

"The motion of the tax assessors to dismiss the application of Elizabeth Heard White is denied.

"After hearing argument of counsel, the objection of the tax assessors to Kenneth E. White, Jr. as an arbitrator is sustained.

"It is hereby considered, ordered and adjudged that the movant, Elizabeth Heard White, be and she is hereby allowed to substitute James E. Hendrix as the arbitrator named by the property owner. The said James E. Hendrix, as substitute arbitrator, and the respective arbitrators named by the tax assessors are hereby given a reasonable time within which to agree upon a third arbitrator. If after the lapse of a reasonable time said arbitrators are not able to agree upon a third arbitrator then upon application of either party the court will entertain a motion to name a third arbitrator.

"The tax assessors having further questioned the qualification of James E. Hendrix in their answer but having failed and refused to state any ground of disqualification, the court hereby finds that James E. Hendrix is qualified.

"So ordered, this 1st day of July, 1968."

The enumerations of error were as follows: "1. The court committed error in allowing the petitions in these cases to be filed in said court as set forth in the court's order of June 25, 1968. 2. In entering its order of July 1, 1968. 3. The trial court committed error in failing to sustain paragraph 1 of appellants' first defense, which pleaded that the petition of appellees stated no cause of action. 4. The trial court committed error in failing to sustain paragraph 2 of appellants' first defense, which pleaded that the petition of appellees stated no cause of action for equitable relief, and in not dismissing said petition. 5. The trial court committed error in failing to sustain the motion of appellants set forth in paragraph 3 of their first defense, and in not dismissing said petition. 6. The trial court committed error in failing to sustain appellants' motion to dismiss as contained in paragraph 4 of the first defense which objected to the prayers that the court allow a substitution of arbitrators, and in allowing a substitution of parties. 7. The court committed error in finding that James E. Hendrix was qualified as an appraiser when the court specifically refused to allow appellants to question the said Hendrix as to his qualifications." *Held:*

■ *Code* § 92-6912 as amended by the Act of 1958 (Ga. L. 1958, p. 387), relating to the arbitration of disputes between the taxpayer and boards of tax assessors, provides that after the taxpayer and the board shall have named their respective arbitrators, "in the event the two arbitrators provided for in this section fail to name a third within 20 days after their appointment, he shall be named by the judge of the superior court of the county wherein the property lies." It will be noted that the appointment of the third arbitrator must be made by the judge of the superior court of the county where the land lies rather than the court itself. The court itself has no jurisdiction of the matter, but the judge of that court has jurisdiction, but only an administrative jurisdiction to appoint the third arbitra-

tor. The person holding the office of judge is the one designated to do the appointing, not the court itself acting through the judge. No judicial power is conferred. See in this connection *Little v. McCalla,* 20 Ga. App. 324 (3) (93 SE 37); *Gas Light Co. v. West,* 78 Ga. 318. It follows therefore that the judge of the superior court, acting as such, upon an application to appoint a third arbitrator under the statute, had no jurisdiction to make any other or additional determinations. The superior court, in a case properly before it, such as injunction suits, in which these matters can be raised for decision, may make such adjudications. See *Candler v. Gilbert,* 180 Ga. 679 (180 SE 723); *Cresswill v. Knights of Pythias,* 133 Ga. 837, 847 (2) (67 SE 188, 134 ASR 231, 18 AC 453).

■ Even though there be error in the grant of part of the relief prayed for, this is not cause for reversal here as the errors alleged are harmless and a reversal would be of no benefit to the appellant. *Reid v. Caldwell,* 114 Ga. 676 (40 SE 712); *Smith v. Peacock,* 114 Ga. 691 (40 SE 757, 88 ASR 53); *Bullock v. Dunbar,* 114 Ga. 754 (40 SE 783); *Lee v. Pearson,* 138 Ga. 646 (75 SE 1051); *Fowler v. Parks,* 138 Ga. 786 (76 SE 85); *Turner v. State,* 138 Ga. 808 (76 SE 349); *Kelton v. John,* 220 Ga. 272 (138 SE2d 316); *Wright v. Savannah Transit Authority,* 110 Ga. App. 710 (140 SE2d 149); *Davis v. Mayor &c. of Jasper,* 119 Ga. 57 (1) (45 SE 724); *Burnham v. Burnham,* 215 Ga. 57 (108 SE2d 706).

Under the stipulated facts, the original appointee was the husband and son-in-law respectively of the appellee taxpayers and was thus disqualified (*Vestel v. Edwards,* 143 Ga. 368 (2) (85 SE 187)), and the appellees were entitled to appoint a successor without any order of the court. See *Candler v. Gilbert,* 180 Ga. 679, 682 (9), supra. At this point, however, we run sharply counter to the contentions of the appellant who strenuously insists that the appointment of a disqualified arbitrator by the appellees constituted "a failure to avail themselves of the lawfully constituted tribunal to arbitrate the assessments," as the demand for arbitration was ineffective when accompanied by the appointment of a disqualified arbitrator, citing as authority for their contention the third division of the opinion in

*Candler v. Gilbert,* supra, p. 680, which reads as follows: "The court was authorized to find that the only arbitrator appointed by the taxpayers was legally disqualified because of pecuniary interest, and that there was a failure to avail themselves of the lawfully constituted tribunal to arbitrate the assessments. Compare *Vestel v. Edwards,* 143 Ga. 368 (85 SE 187); Keystone Driller Co. v. General Excavator Co., 290 U. S. 240 (54 SC 146)." While this statement, standing alone, might seem to authorize such construction, yet when the facts of that case and all the holdings therein are considered, it is apparent that two separate findings by the trial judge were authorized and that the later finding authorized was not based upon the disqualification of the arbitrator appointed by the taxpayers, but upon the facts that the taxpayers claimed that the board of arbitrators was not properly constituted because the member appointed by the tax board was disqualified, and at the time set for the hearing neither the taxpayers nor their arbitrator attended. The court also held the arbitrator chosen by the tax board was qualified. These facts, when considered in connection with Division 8 of the opinion, demonstrate the correctness of our construction. Division 8 of the opinion is as follows: "8. Petitioners demanded an arbitration on their tax returns, and named an arbitrator to represent them. An arbitrator was appointed to represent the board of tax assessors. The arbitrator selected by the taxpayers was legally disqualified to act, by reason of pecuniary interest in the amount of the reductions sought, and there was a failure by the parties to agree upon a third arbitrator or umpire. The first named arbitrator refused to act further. The umpire was duly appointed as provided by law. There being no qualified successor to the taxpayers' representative appointed, the two lawfully appointed assessors proceeded to assess the property. *Held:* (a) The assessments were not void because the umpire was prematurely appointed, or for any other reason assigned. (b) The court was authorized to find that on such failure to participate the two remaining arbitrators could proceed to hear evidence and fix the assessments, in accordance with Code of 1933, § 92-6912, which would require the vote of two arbitrators to fix any assessment. *McGregor v. Hogan,* 153 Ga. 473, 480

(112 SE 471)." *Candler v. Gilbert,* supra, p. 682. It appears, therefore, the ruling in Division 3 that the facts authorized the trial judge to find there was a failure of the taxpayers to avail themselves of the "lawfully constituted tribunal to arbitrate the assessments" referred solely to the taxpayers' refusal to participate in the hearing before the two lawful arbitrators and was not a holding that the "tribunal" was unlawfully constituted and unauthorized to act, or that the demand for arbitration was abortive because of the appointment of a disqualified arbitrator. Accordingly, the rulings of the judge of the superior court in the present case were not necessary to the disqualification of the first arbitrator and the validity of the appointment of the successor, and a reversal on the ground the judge of the superior court had no jurisdiction to enter an order disqualifying the first arbitrator and approving the appointment of a successor would be of no benefit to appellant and the error is harmless.

Assuming, without deciding, that the trial court erred in giving the two arbitrators "a reasonable time" in which to appoint the third arbitrator, we do not see how this ruling harmed the appellant or how a reversal on this point would be of benefit to the appellant. Whether the judge of the superior court should have immediately appointed the third arbitrator or whether the two arbitrators had a reasonable time to appoint the third or whether they had twenty days from the time the successor was appointed, which might have created a harmful error if the judge of the superior court had appointed the third prior to the expiration of such time, it is not necessary to decide. Certainly, at the time of this decision, a reasonable time and the twenty days have now expired. In any or all events and when this appeal is determined, the trial judge is in a position to appoint a third arbitrator, irrespective of time limitations, if the other arbitrators have failed to appoint. As of this moment, the time element is of no consequence, but only the fact of whether the two appointed have acted. It not appearing that the trial judge has named a third arbitrator within less than a proper time expiration, the error, if any, in granting the two arbitrators "a reasonable time" within which to appoint a third, is harmless and the appellant can derive no benefit from the reversal of the case on the grounds that the setting of a "reasonable time" was improper.

Error is also enumerated on the action of the trial judge in holding the successor arbitrator qualified. Two grounds are urged: (1) there was no evidence on which to base such a ruling, and (2) the trial judge had no jurisdiction to so rule. Since the appellants, by their answer, sought the determination of the qualification of the successor by alleging in general terms that he was not qualified, and failed to produce evidence of disqualification, they are not now in position to complain of this ruling on this ground. It is true the appellants sought to introduce evidence by seeking to examine the successor arbitrator at the hearing, but they were not permitted to do so; however, no error is enumerated on this action of the trial judge.

We have already determined that the trial judge had no jurisdiction to pass upon the qualification of the successor; however, a reversal would not benefit the appellants by permitting them in this proceeding in the court below to introduce evidence on the question or secure a disqualification of the successor arbitrator. While the rulings in this regard were probably void because of lack of jurisdiction of this subject matter in the proceeding then before the judge of the superior court, and thus subject to attack at any time or any place, we think it best that we affirm with direction that the judge of the superior court vacate his orders so there will be no question raised later that they are res judicata in a case properly involving the matters decided.

■ Whether, upon application of the ruling in *American Mut. Liab. Ins. Co. v. Kent,* 197 Ga. 733 (30 SE 599), overruling *King v. Western Union Telegraph Co.,* 54 Ga. App. 388 (187 SE 888), the appeal in this case is from a final judgment, or whether it is not from a final judgment for the reason that the judge of the superior court by providing for the entertainment of a subsequent motion to appoint a third arbitrator may have retained jurisdiction to the extent that a case was still pending in the "court below" and the appeal thus be subject to dismissal for failure to secure a proper certificate from the trial judge under the provisions of Section 1 of the Act approved April 8, 1968 (Ga. L. 1968, p. 1072) we do not decide. Neither do we decide whether the appeal should be dismissed because the action

of a judge of the superior court upon an application to appoint a third arbitrator under *Code Ann.* § 92-6912 is not appealable, it being an administrative rather than a judicial act (see *Gas Light Co. v. West,* 78 Ga. 318), or whether the judge's assumption of judicial functions in this proceeding might have made the judgment one which would have supported an appeal.

*Judgment affirmed with direction. Jordan, P. J., concurs. Deen, J., concurs in the judgment.*