### 46288.   PAINE et al. v. LOWNDES COUNTY BOARD OF TAX ASSESSORS.

WHITMAN, Judge. This case arises from certain realty assessments made for ad valorem taxes in Lowndes County and objection thereto made in the form of a notice of arbitration.

Appellant, M. J. Paine, Jr., individually and as agent for the estate of M. J. Paine, Sr. and Doc Holliday Enterprises, being dissatisfied with the assessment made upon certain of his real estate for 1969 ad valorem taxes, filed notice of arbitration under the provisions of *Code Ann.* § 92-6912, as amended. Upon

filing arbitration he appointed one Frank Rose as his arbitrator.

The Lowndes County Board of Tax Assessors did not appoint an arbitrator and proceed with the arbitration, but instead filed a petition in the Superior Court of Lowndes County, which contained allegations regarding the status of the matter, and it further alleged:

"That, in such notice of arbitration, the defendant designated Frank Rose as his arbitrator; but under applicable principles of law, such designated person does not qualify as an arbitrator for the defendant herein. That the person named by the defendant should be specifically declared by this court to be not qualified to serve as an arbitrator for the defendant."

The petition concluded with the following prayers: "That the person named by the defendant herein as his arbitrator be specifically declared by this court to be disqualified from serving as an arbitrator for the defendant . . . ; That, until further order of the court, the defendant and plaintiff be restrained and enjoined from proceeding further with the arbitration which is the subject matter of this action . . ."

The Superior Court entertained the petition, ordered it filed, and ordered that the defendants be served with a copy of the petition and its order thereon. The order stated:

"Until further order of the court, plaintiff and defendant are restrained and enjoined from obtaining or making any appraisals or other information, appointing any other arbitrator or arbitrators, or taking any other steps or proceedings of any type whatsoever in respect to the arbitration which is the subject matter of the above and foregoing petition, excepting only such preparation or other steps as might be necessary, in the reasonable opinion of the attorney for the plaintiff or the defendant, to prosecute or defend this action.

"Let the defendant show cause [here is specified a time and place] . . . why the person named by the defendant in his notice of arbitration should not be specifically declared to be disqualified to serve as the defendant's arbitrator. . . ."

The proceedings eventually culminated in an adjudication which declared the arbitrator named by the defendants to be disquali-

fied and ordered the defendants to appoint another within 10 days or "it shall be deemed, without further order of the court that the taxpayer has failed to perfect his notice of arbitration, and the notice filed shall be deemed dismissed and void."

The defendants moved the court to set aside and vacate the judgment on the following ground: "It appears from the pleadings in said case that no claim in fact exists against these defendants, and that said pleadings are fatally defective by reason of nonamendable defects appearing upon the face of the record and pleadings. Defendants show that the law does not authorize the procedure employed by the pleadings in said case, that there is no such claim as alleged in said pleadings at law, that said pleadings failed to attach summons, or meet the requirements of the Civil Practice Act as to suits in equity or declaratory judgment."

The motion to set aside was denied. The denial was appealed from and is enumerated as error. *Held:*

"A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings. To be subject to motion to set aside, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed." *Code Ann.* § 81A-160 (d) (Ga. L. 1966, pp. 609, 662, as amended).

The petition which the Lowndes County Board of Tax Assessors filed with the superior court could not be considered as an application for relief in a "pending action." Arbitration is not a matter which begins or proceeds in the superior courts. The judge of the superior court does in one instance under the statute name a third arbitrator (when the arbitrators selected by each side fail to name a third), but in this regard "[t]he court itself has no jurisdiction in the matter, but the judge of that court has jurisdiction, but only an administrative jurisdiction to appoint the third arbitrator." *Board of Tax Assessors v. Heard,* 118 Ga. App. 550, 553 (164 SE2d 312). After arbitration *has concluded,* the taxpayer or the board of tax assessors may appeal the arbitrators' decision to the superior court for a de novo determination by a jury. *Code Ann.* § 96-6912, as amended.

If the petition of the Board of Tax Assessors were looked upon as an action for a declaratory judgment or for injunctive relief or a combination of both, it was necessary that it be filed, that summons issue signed by the clerk requiring the defendants to appear and answer, and that the complaint and summons be served. See *Code Ann.* § 81A-104 (a, b, c). The face of the record shows that there was no summons and service of process in the manner required.

The Civil Practice Act absolutely prohibits the issuance of an interlocutory injunction or a temporary restraining order without service of notice and a hearing thereon, except that a temporary restraining order may issue ex parte if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon." *Code Ann.* § 81A-165. Notwithstanding that the petition contained no specific *fact* (other than the arbitrator's name) bearing on the legal right or need for the judgment sought, and notwithstanding that such general allegations as were made were neither verified nor supported by affidavit, the lower court entertained petition and granted the relief prayed. Thus the protective procedures of the statute were violated. (The type matters which are pertinent to the disqualification of one in a judicial or quasi-judicial position are set forth in *Code Ann.* § 24-102).

Finally, the order and judgment which the above proceedings produced, and to which the motion to set aside was addressed, declares that Frank Rose is disqualified from serving as an arbitrator. (Under the facts here, it does not appear that Frank Rose would be disqualified from serving as an arbitrator. See *Hill v. Board of Tax Equalizers,* 227 Ga. 145 (179 SE2d 242)). Moreover, we note from the face of the record that Frank Rose, although having been appointed prior to the initiation of these proceedings, was not made a party thereto. In our view an arbitrator would be a necessary party in any proceeding designed to prevent him from acting in the capacity to which he was appointed and had accepted. Cf. *Boyd v. England,* 56 Ga. 598, 600.

In our view the judgment complained of was subject to the motion to set aside and the motion should have been granted.

*Judgment reversed. Hall, P. J., and Eberhardt, J., concur.*

ARGUED JUNE 4, 1971—DECIDED JUNE 28, 1971—

REHEARING DENIED JULY 12, 1971.

*Coleman, Blackburn, Kitchens & Bright, J. Converse Bright,* for appellants.

*McLane & Dover, H. Arthur McLane,* for appellee.