20438. BURNHAM *v.* BURNHAM.

ARGUED APRIL 15, 1959—DECIDED MAY 8, 1959.

*Dan Copland,* for plaintiff in error.

*James Loring, Paul James Maxwell,* contra.

ALMAND, Justice. In the suit of W. C. Burnham, Sr., against Alice Burnham a decree granting a total divorce between the parties and making the contract of settlement of alimony and custody of the minor child of the parties the decree of the court was entered on June 13, 1958. On November 12, 1958, the defendant in said case filed a motion to set aside and vacate the decree of the court. The general demurrer of the husband was sustained and the motion dismissed. The defendant seeks a review of the order dismissing her motion.

The defendant in error has filed a motion to dismiss the writ of error on the ground that, since the entry of the order on which error is assigned, the issue raised by the sustaining of the demurrer to the motion to vacate the divorce decree has become moot, in that the former wife, the plaintiff in error, did on February 6, 1959, marry one George L. Massey. The motion to

dismiss is supported by certified copies of a marriage license and certificate of marriage from the Fulton County Court of Ordinary. These statements of fact in the motion, not being denied, will be taken as true in passing on the motion. *Major v. City of Atlanta*, 198 *Ga.* 303 (2) (31 S. E. 2d 727).

"This court will in no case undertake to pass upon questions presented by a bill of exceptions, when it affirmatively appears that, even if the judgment of the court below were reversed, the plaintiff in error would derive no benefit from the adjudication." *Davis v. Mayor &c. of Jasper*, 119 *Ga.* 57 (1) (45 S. E. 724). It appearing that the court had jurisdiction of the parties and the cause of action, and the plaintiff in error having participated in the divorce and alimony proceeding, and having received the benefits of the decree by accepting a lump-sum settlement of her claim for alimony and by remarrying, she would be estopped from having the decree set aside on the ground of fraud in its procurement. *Davis v. Davis*, 191 *Ga.* 333 (11 S. E. 2d 884).

The plaintiff in error could derive no benefit by a reversal in this case, for the reason that, if she was able to obtain the ultimate relief sought, that is, the restoration of the marital relation with the defendant in error, it would be to her detriment and not to her benefit. Figuratively speaking, she would be stepping from the frying pan into the fire.

In the light of the foregoing, the motion to dismiss must be sustained.

*Writ of error dismissed. All the Justices concur.*