## 22642. KELTON v. JOHN.

ARGUED SEPTEMBER 15, 1964—DECIDED SEPTEMBER 28, 1964.

*George Richard Jacob,* for plaintiff in error.
*Hatcher, Stubbs, Land & Rothschild,* contra.

ALMAND, Justice. This case involves the custody of two minor children in a contest between the maternal grandfather and the father of the children.

Edward T. John, the maternal grandfather, brought his petition on June 15, 1964, against the father of the children, Harold Kelton, in which he alleged that: his daughter, the mother of

the two children, was divorced from the defendant by an Illinois Circuit Court in 1955, and the decree awarded the custody of the children to the defendant except for periods at Christmas and during the summer of each year, commencing on the third Saturday after the closing of school and ending on the second Saturday prior to the opening of school; after the closing of school in June 1964, he demanded custody of the children but the defendant refused the demand. On Monday, June 15, 1964, the court issued an order for the defendant to respond on June 18, 1964. The return of service shows that the rule nisi was served upon the defendant by leaving a copy at the residence of the defendant, "the place of detention." On the hearing on June 18 the defendant failed to appear, and after hearing the evidence the court awarded the custody of the two children to the plaintiff for the period beginning June 13, 1964, and ending on the second Saturday prior to the opening of schools in Manchester, Ga., in September 1964, and directed the defendant to deliver the custody of the children to the petitioner.

On June 29, 1964, the father brought his petition to set aside this order on the grounds that: (a) no lawful service was made upon him; (b) the order for the defendant to appear in the habeas corpus proceeding was signed on Sunday; (c) the petition for the writ failed to attach a copy of the alleged custody decree and (d) it failed to allege that the father, the defendant, had lost or forfeited his lawful right to the custody of the children. His prayers for a vacation of the order of June 18, 1964, and for a supersedeas were denied by this court on June 30, 1964. On the order of June 18, 1964, awarding the custody of the two children for the summer months of 1964 and the order of June 30, 1964, denying the defendant's motion, to set aside the order of June 18 and refusing to grant a supersedeas, the defendant, by his bill of exceptions, assigns error.

The bill of exceptions recites that the defendant (the plaintiff in error) surrendered the custody of the two children on July 1, 1964, to the Sheriff of Talbot County pursuant to the order of June 30, 1964, and that on July 2, 1964, the custody of the children was delivered to the grandfather (the defendant in error) pursuant to the order of June 18, 1964.

On the application of the plaintiff in error to this court for a supersedeas, we denied the application because it appeared from the bill of exceptions that the plaintiff in error had complied with the order of June 18, 1964, by delivering the custody of the children to the defendant in error.

The defendant in error filed a motion to dismiss the writ of error on the ground that the issues are moot.

Where it appears that even if the judgment of the trial court was reversed the plaintiff in error would derive no benefit from the adjudication, the writ of error will be dismissed. *Davis v. Mayor &c. of Jasper*, 119 Ga. 57 (1) (45 SE 724); *Burnham v. Burnham*, 215 Ga. 57 (108 SE2d 706). It appears from the facts stated above and from the undisputed facts in the motion to dismiss that the court awarded the custody of the two children to the defendant *only* for the summer school vacation period from the ending of school in June 1964 to the beginning of school in September 1964 and they are now in the custody of the plaintiff in error, and the case not involving the rights of the plaintiff to the custody of the children after September 1964, a reversal of the trial court orders would be of no benefit to the plaintiff in error. The motion to dismiss is granted and the writ of error is

*Dismissed. All the Justices concur.*