23966.   ALLEN v. SMITH et al.

MOBLEY, Justice.   1. It is well established by many decisions of this. court where it appears that even if the judgment of the trial court was reversed the appellant would receive no benefit from the adjudication, or the case has become moot, the writ of error will be dismissed.   *Davis v. Mayor &c. of Jasper,* 119 Ga. 57 (1) (45 SE 724); *Burnham v. Burnham,* 215 Ga. 57 (108 SE2d 706); *Kelton v. John,* 220 Ga. 272 (138 SE2d 316); *Taylor v. Noland,* 220 Ga. 620 (140 SE2d 856).

2. The appellant brought a petition to enjoin the sale of her property under power of sale in a deed to secure debt which was advertised for sale on the first Tuesday in April, 1966. The trial court granted a restraining order against the sale, and, thereafter, on June 28, 1966, continued the restraining order in effect, on the condition that appellant pay $750 into court and pay $250 each month until further order of the court, and in the event payment is not made as ordered the restraining order shall be of no further effect.   Thereafter, after a hearing, the trial court sustained a general demurrer to the petition because of lack of jurisdiction of the parties defendant.   This court reversed that judgment of the trial court.   Upon return of the case to the trial court, the petitioner (appellant here) moved for a summary judgment to which defendant filed a motion to dismiss plaintiff's motion on the ground that the case had become moot by reason of

sale of the property under power of sale in the deed to secure debt on the first Tuesday in December, 1966, after advertisement and after petitioner had failed to make the payments due, had failed to maintain casualty insurance on the property and to pay ad valorem taxes, all as required by the deed to secure debt.

The trial court sustained the motion and dismissed the motion for summary judgment. The appeal is from that judgment.

The judgment of the trial court recites that "the within motion coming on to be heard and it appearing that the property has been sold at foreclosure sale." This is followed with the ruling that the case has thus become moot. There is a presumption of the validity of the judgment (*Code* § 38-114; see *Richards v. Richards,* 203 Ga. 436 (46 SE2d 900); *Chance v. Chance,* 60 Ga. App. 889, 892 (5 SE2d 399)), and the burden of showing the contrary is upon the complaining party. We presume, on the failure of the appellant to bring up any evidence showing that she was not in default in making the payments required under the deed to secure debt, that she was in default, that the prior temporary injunction was no longer in effect because of her failure to perform the condition necessary to keep it in force, and that the property was sold at foreclosure sale as the judge stated in his judgment. Thus, the appellee having acquired title to the property under the December, 1966 sale it would be of no benefit to appellant to set aside the former sale of April, 1966.

Accordingly, the judgment of the trial court sustaining the motion to dismiss the motion of appellant for summary judgment on the ground that the case had become moot was correct.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 13, 1967—DECIDED APRIL 5, 1967.

*Albert E. Butler,* for appellant.
*Zorn & Royal, William A. Zorn,* for appellees.