## 28873. NIX v. THE STATE.

SUBMITTED MAY 10, 1974 — DECIDED OCTOBER 1, 1974 — REHEARING DENIED OCTOBER 25, 1974.

Kirksey McCord Nix, Jr., *pro se.*

*Lewis R. Slaton, District Attorney, Joel M. Feldman, R. David Peterson, Assistant District Attorneys,* for appellee.

GRICE, Chief Justice.

Kirksey M. Nix, Jr., filed a petition for writ of habeas corpus in the Superior Court of Fulton County, seeking to vacate his guilty plea to a felony charge, entered on March 14, 1969, and the sentence of two years imposed thereon. He alleged that he was discharged from this sentence in August, 1970. The trial judge denied the writ of habeas

corpus, and thereafter denied his motions to reconsider and to amend the petition. The appeal is from these orders.

The appellant's petition for habeas corpus alleged: His plea of guilty was made with the understanding on his part that it was a plea of guilty to a misdemeanor. The agreement reached with the district attorney was that he would plead guilty to a misdemeanor, and that two other charges against him would be dropped. The sentence given him was not in accordance with the agreement made as to length. He was denied effective assistance of counsel because his counsel (retained) failed to properly advise him of the nature and consequence of the charge against him. His counsel never informed him that he was pleading guilty to a felony charge. His guilty plea was coerced because the release of his wife's impounded car was made conditional on his pleading guilty. The trial court never informed him of his right to a jury trial or the consequence of his guilty plea, and he would not have entered a guilty plea if he had known that he was pleading guilty to a felony charge. The indictment on which the guilty plea was entered was not the indictment to which he had agreed to plead guilty.

The trial judge who considered the habeas corpus petition took judicial notice of a prior coram nobis petition by the appellant, which had been dismissed on the ground that the petition was frivolous, the sentence had been completely served and the question was moot, and the court did not have jurisdiction since the appellant was not present within the jurisdiction of the court. The habeas corpus judge then held that the order on the coram nobis petition had become the law of the case. He refused to hear evidence on the petition for habeas corpus, and denied the writ.

After the entry of this order the appellant filed a motion for reconsideration, and proffered an amendment to his petition for habeas corpus. The amendment alleged that since his conviction in Georgia he has been convicted in a federal court for violating a federal statute related to the purchase of a firearm after being convicted of a felony. In the trial for this offense the Georgia felony conviction was introduced by the Government to prove the charge.

He is presently serving that sentence. He has also been convicted in Louisiana and given a life sentence, which sentence has been stayed on direct appeal. In the Louisiana trial he testified in his own behalf, and the Georgia conviction and the federal firearm conviction were introduced to impeach the credibility of his testimony.

In *Parris v. State,* 232 Ga. 687 (208 SE2d 493), this court reconsidered the meaning in our habeas corpus statute of the phrase "persons whose liberty is being restrained" (Code Ann. § 50-127; Ga. L. 1967, pp. 835, 836), and the question of mootness where a petitioner's sentence has been served. It was held that a habeas corpus petition which alleged that the petitioner's conviction was void would not be dismissed as being moot, even though his sentence has been completely served, where the petitioner "is suffering collateral consequences in the nature of a due process violation."

In the present case the appellant alleged the use of the conviction, which he contends is void, in his subsequent trials, and asserts further in his brief that because of his felony conviction he cannot engage in certain businesses, cannot serve as an official of some unions, cannot vote in some elections, nor hold public office in some states, cannot serve as a juror, is denied access to certain professions, can be charged as a recidivist in some states, and can have the conviction used to enhance his punishment in state and federal courts.

Applying the rulings in *Parris v. State,* 232 Ga. 687, supra, the questions made in the appellant's habeas corpus petition as to the validity of his conviction are not moot.

The judgment in the coram nobis case was not res judicata, that petition having also been dismissed on the ground of mootness.

The venue of a habeas corpus action which is brought after the service of the sentence has been completed is in the superior court of the county wherein the sentence was imposed, and the Superior Court of Fulton County had jurisdiction of the present habeas corpus proceeding.

The case is remanded for a hearing on the appellant's habeas corpus petition.

*Judgment reversed. All the Justices concur, except Undercofler, J., who dissents.*