### 49777. DAVIS v. ZURICH-AMERICAN INSURANCE COMPANY et al.

WEBB, Judge.

In this contest over the proceeds of a life insurance policy paid into the registry of the court, it appears without dispute that on July 12, 1973, the insured applied for the insurance designating his father, Carl Davis, as the beneficiary; that this beneficiary designation appears upon the records of the insurance company; that the insurance became effective September 12, 1973; and that the insured died on September 20 without ever changing or attempting to change the beneficiary designation. Hence the trial court did not err in ordering the fund paid over to Carl Davis and in rejecting the contentions of the insured's estranged wife, whatever those contentions may be.

*Judgment affirmed. Pannell, P. J., concurs. Evans, J., concurs specially.*

ARGUED OCTOBER 2, 1974 — DECIDED JANUARY 7, 1975 –

REHEARING DENIED JANUARY 22, 1975 —

*John S. Boswell, Sr.,* for appellant.
*Bennett, Saliba & Wisenbaker, Reginald C. Wisenbaker, Jim T. Bennett,* for appellees.

EVANS, Judge, concurring specially.

I concur in all that is stated in the majority opinion and add the following:

On May 22, 1974, plaintiff filed an amendment in which she mentions *forgery,* but actually admits that the insured signed the card, and contends that the "designation portion" of said card is a forgery. Earlier in the amendment she alleged that "it is obvious that the beneficiary designation card . . . has been tampered with, is void . . ." This amendment was not sufficient to carry the case to a jury for the following reasons:

1. This is not a sufficient charge of forgery, as it is admitted that the insured signed the card, it being simply contended that *it is obvious* that a part thereof had been "tampered with." It is not *obvious* that the card had been tampered with, and tampering could not be shown without the introduction of evidence on that question. In effect, plaintiff contends that the card shows on its face that it had been tampered with, which simply is not in accord with the record.

2. It does not appear as to whether the order of dismissal of plaintiff's claim had been signed and placed into effect when the amendment was filed, as both the order and amendment are dated the same day. In this situation, as it is presumed that every judgment is supported by each and every ingredient essential to its rendition, it must be presumed that the order preceded the amendment. See *Chance v. Chance,* 60 Ga. App. 889, 892 (5 SE2d 399); *Allen v. Smith,* 223 Ga. 265, 266 (154 SE2d 605).

Further, Judge Marcus B. Calhoun has now certified to this court that the amendment *was not filed until after his judgment had been rendered and filed,* which shows beyond peradventure that the amendment came too late.

We can not and do not commend the way in which this matter has been presented to us, that is, in such manner that this court might have been led to believe the amendment was presented and considered by the trial court *before* its judgment of dismissal was rendered.