51559. CLARK v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of theft by taking.

1. Rule 18 (c)(2) of the rules of this court provides: "Any enumerated error which is not supported in the brief by citation of authority or argument shall be deemed to have been abandoned." Rule 16 (a) provides in part: "The

brief for the appellant . . . must be filed with the Clerk within 20 days after the appeal . . . is docketed in this Court. . .No extension of time will be granted except for providential cause or its equivalent." The appellant failed to file his brief until 12 days *after the expiration of a 10 day extension* of time granted by this court. The state's contention — that the enumerated errors were all abandoned, under the provisions of Rule 18 (c)(2), supra, by the fact that there was no appellant's brief filed within the time allowed — would be meritorious except for the fact that, in spite of their mandatory language, the procedural rules of this court have been treated by the federal courts, and thence by our court, as merely directory in criminal cases. Consequently, we will consider the enumerated errors notwithstanding our rules to the contrary.

2. At the conclusion of the state's evidence, defendant's counsel made an oral motion "to dismiss this action on the grounds this violates the Constitution of the United States which prohibits imprisonment for debt." The motion was not timely made, was oral rather than written, and did not state which constitutional provisions were allegedly violated or the offending statute. See *Waters v. State,* 226 Ga. 278 (174 SE2d 420); *Abel v. State,* 190 Ga. 651, 653 (10 SE2d 198); *Harris v. State,* 147 Ga. 489 (1) (94 SE 572); *Cohen v. State,* 7 Ga. App. 5 (3) (65 SE 1096). Thus, the enumeration of error based on the order denying the defendant's counsel's motion to dismiss is insufficient to present any issue for decision.

3. It was not reversible error, as urged in enumerated error 6, to admit in evidence certain bank records over the objection that the name of the custodian of the records, whose testimony authenticated the records, had not been on the list of witnesses furnished to the defendant. The state had given the defendant notice that a certain person would testify as the custodian of the records. Prior to introducing that testimony, however, the state learned that another person was actually the custodian of the records. The court was notified of this and assured by the district attorney that the testimony to be given by the new witness would be identical to that of the witness of whom the defendant had notice.

"The purpose of Code Ann. § 27-1403 requiring that the defendant be furnished on demand with a list of witnesses to be used against him is to protect him from being surprised by evidence which he then has no chance to refute." *Upton v. State,* 128 Ga. App. 547 (3) (197 SE2d 478). "This statute must be subject to a reasonable interpretation," (*Elrod v. State,* 128 Ga. App. 250, 252 (2) (196 SE2d 360)), and the doctrine of harmless error is applicable to it. *Kitchens v. State,* 134 Ga. App. 81 (2) (213 SE2d 180) and cits.

Since the defendant had been put on notice that the bank records, to which he had or could have obtained access, were to be introduced, no harm resulted to the defendant from merely substituting the testimony of the true custodian of the records, which was identical to what the designated witness would have given and the sole purpose of which was to satisfy the technical legal requirement of authentication of such evidence. Cf., *Yeomans v. State,* 229 Ga. 488 (1) (192 SE2d 362).

4. The indictment charged that the defendant "did unlawfully take one thousand dollars in money of the value of $1,000 and the property of Calvin Graves, with the intention of depriving said owner of said money. . ." The trial judge charged the provisions of Code Ann. § 26-1802 (a), supra, as follows: "A person commits theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of said property, regardless of the manner in which said property is taken or appropriated." The appellant contends in enumerated errors 7 and 8 that it was error to fail to define unlawful taking, to fail to charge that the state had failed to show an unlawful taking as it was required to do (appellant contends) in order to comport with the wording of the indictment, and to charge the entire provisions of § 26-1802 (a).

Under the provisions of § 26-1802 (a), supra, the offense is completed within the context of that subsection when a person either (1) *unlawfully takes,* or (2) being in lawful possession thereof, *unlawfully appropriates* — any property of another with the intention of depriving him of said property. Since the statute not only does not define

unlawful taking, but also makes "the manner in which said property is taken" irrelevant, the judge did not err in failing, without request, to define the term.

Nor was there a fatal variance between the indictment and the proof. "Under § 26-1802 the gravamen of the offense is the taking of the property of another against the will of such other," (*Stull v. State,* 230 Ga. 99, 100 (196 SE2d 7)), regardless of whether the property is taken or appropriated and the manner of the taking or the appropriation. Our courts will no longer tolerate such overly-technical applications of the fatal-variance rule. See *Dobbs v. State,* 235 Ga. 800 (3) (221 SE2d 576); *Ingram v. State,* 137 Ga. App. 412 (3, b). Moreover, even if part of the charge was not applicable, "[t]he giving of the entire Code section was not error where part was applicable. *Highland v. State,* 127 Ga. App. 518, 519 (194 SE2d 332)." *Central of Ga. R. Co. v. Sellers,* 129 Ga. App. 811, 816 (5) (201 SE2d 485).

5. Enumerated error 9 is the trial judge's denial of the defendant's motion for mistrial, made during the pre-sentence hearing when the prosecution elicited from the defendant testimony of his acquittal in a previous case.

The judge was technically correct in denying the motion for "mistrial," since that motion is applicable during the course of the trial before the jury; the trial as to guilt or innocence having already been completed, the proper remedy to seek would have been for the judge to rule that such contended illegal evidence could not and would not be considered or, failing that, for a new pre-sentence hearing, before another judge if necessary to insure that the illegal evidence not be considered.

Nevertheless, there is authority for treating this motion as one for the appropriate relief. Code Ann. § 81A-108 (e)(1) (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230) provides in part that "[n]o technical forms of pleading or *motions* are required." (Emphasis supplied.) In *Jackson v. State,* 64 Ga. 344 (1) and *Bryant v. State,* 224 Ga. 235 (161 SE2d 312), the Supreme Court has sanctioned treating improper motions as the proper pleas, apparently under the "elementary rule of pleading that substance, not mere nomenclature, controls." *McDonald*

*v. State,* 222 Ga. 596, 597 (1) (151 SE2d 121). See also *State v. Houston,* 134 Ga. App. 36 (2) (213 SE2d 139); *English v. Atlanta Transit,* 134 Ga. App. 621 (1) (215 SE2d 304).

Where evidence of illegal *convictions* has been admitted in pre-sentence hearings, even without objection, our appellate courts have granted new trials on the issue of punishment. See, e.g., *Clenney v. State,* 229 Ga. 561 (4) (192 SE2d 907); *Fowler v. State,* 132 Ga. App. 812 (209 SE2d 255); *Harrison v. State,* 136 Ga. App. 71 (2) (220 SE2d 77). Exceptions have been made where it affirmatively appeared that the judge discounted their effect in fixing the sentence (*Knight v. State,* 133 Ga. App. 808 (2) (212 SE2d 464); *Workman v. State,* 137 Ga. App. 746 (7)), or that such evidence was brought out without objection during the trial and the defendant's counsel participated in the exchange of conversation from which the information regarding the defendant's prior conviction (which properly should not have been considered) was discussed. *Mitchell v. State,* 136 Ga. App. 390 (221 SE2d 465).

On the other hand, where the improperly considered matter consisted of less than illegal convictions (such as rumors, hearsay, innuendoes, and information not obtained from the judge's personal observation), our courts have specifically disapproved the practice, yet held it to be harmless error; based on the "presumption, in the absence of a strong showing to the contrary, that the trial judge, when sitting without a jury, separates the legal evidence from facts not properly in evidence in reaching his decision." *Ingram v. State,* 134 Ga. App. 935, 940 (8) (216 SE2d 608), citing *McBryde v. State,* 34 Ga. 202, 204 and *Jones v. State,* 233 Ga. 662 (3) (212 SE2d 832).

Accordingly, while we specifically disapprove of the trial judge's permitting questioning as to an offense for which the defendant was known to have been acquitted, we shall adopt the presumption that the judge did not consider the improper matter in fixing his sentence, even though this presumption is weakened somewhat by his failure to disavow any reliance thereon.

6. The testimony as to proceedings before the state real estate commission was relevant to show that, at the time of the transactions between the defendant and his

victim, the defendant had no valid broker's license. Moreover, even if the testimony was inadmissible, its admission in evidence was rendered harmless error by the subsequent admission in evidence, without objection, of testimony of substantially the same facts. Enumerated error 10 is without merit.

7. The trial judge did not abuse his discretion in denying the defendant's motion for a continuance, made at the beginning of the trial immediately after his formal arraignment, where he had been indicted over four months previously, the indictment had not been changed during that period, and the case had been on the calendar four different times and continued twice at the request of the defense.

The mere fact that the defendant's case was called for trial immediately following his formal arraignment does not of itself indicate that the defendant was not prepared for trial. The same has been held even where the case is called immediately following the return of the indictment. *Braxley v. State*, 17 Ga. App. 196 (1) (86 SE 425). Code Ann. § 27-1401 (Ga. L. 1966, pp. 430, 431) provides that "[i]n those cases wherein a plea of not guilty is entered [as here], the court shall set the case down for trial *at such time as shall be determined by the court*." (Emphasis supplied.)

The purpose of arraignment being to put the defendant on notice as to the charge against which he must defend, the only formal arraignment necessary is reading the indictment to the accused and the entering of his plea of not guilty. *Fears v. State*, 125 Ga. 739 (2) (54 SE 667); *Horne v. State*, 27 Ga. App. 587 (1) (109 SE 699). Counsel admits knowledge of the indictment, and he could demand and receive, pursuant to the provisions of Code Ann. § 27-1403 (Ga. L. 1966, pp. 430, 431), a copy of the indictment and a list of the witnesses on whose testimony the charge against him was founded. Enumerated error 11 is without merit.

8. In enumerated error 12, the appellant asserts for the first time on appeal that it has been discovered subsequently to the trial of this case that the prosecuting witness, Calvin Graves, had been convicted of a violation of the Georgia Controlled Substances Act and a

misdemeanor (pistol) at the time of the appellant's trial; that Graves had been held for several months upon pre-sentence report; that the defense was rushed to trial on the day of the arraignment; that Graves was sentenced within a month after the appellant's conviction and sentence; that the prosecution concealed the true character of the witness, Graves, and exercised undue influence on him; and that the appellant should be granted a new trial for the above reasons.

The state has a duty to disclose to the defendant evidence that is either exculpatory or material, noncumulative and favorable to his defense. Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963); Napue v. Illinois, 360 U. S. 264 (79 SC 1173, 3 LE2d 1217) (1959); Giglio v. United States, 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972); *Banks v. State*, 235 Ga. 121, 125 (218 SE2d 851); *Maddox v. State*, 136 Ga. App. 370 (6) (221 SE2d 231). This duty, being derived from due process requirements, is an affirmative one, and applies even absent a request. See, e.g., Giles v. Maryland, 386 U. S. 66 (87 SC 793, 17 LE2d 737) (1967) (Fortas, J., concurring); Williams v. Dutton, 400 F2d 797 (5th Cir. 1968), cert. den. 393 U. S. 1105 (89 SC 908, 21 LE2d 799) (1969); United States v. Hibler, 463 F2d 455 (9th Cir. 1972) (dictum); United States v. Ordoneaux, 512 F2d 63 (5th Cir. 1975); United States v. Eley, 335 FSupp. 353 (N.D. Ga. 1972).

Assuming that the alleged facts would authorize a new trial, the appellant's failure to raise this issue in the trial court, via a motion for new trial or an extraordinary motion for new trial filed after adjournment of court, forecloses this court's review of the enumerated error. Art. VI, Sec. II, Par. VIII (Constitution of 1945; Code Ann. § 2-3708); *Wisdom v. State*, 234 Ga. 650, 652 (217 SE2d 244); *Anderson v. State*, 129 Ga. App. 1 (198 SE2d 329) and cits. Compare *Banks v. State*, supra; *Maddox v. State*, supra. In other words, a request for Brady-type disclosure may not be required, but this court has no jurisdiction to review the prosecution's failure to make such disclosure unless the defense elicits a ruling thereon from the trial judge.

9. Having properly charged the provisions of Code Ann. § 26-1802 (a), as we have held in Division 4

hereinabove, the judge did not err, as claimed in enumerated error 13, in charging the definition of the term "deprive" provided in Code Ann. § 26-1801 (a) (Ga. L. 1968, pp. 1249, 1289). The phrase, "with the intention of depriving him of said property," in § 26-1802 (a), supra, constituted the necessary mens rea, or criminal intent, which was properly defined per the statutory definition. See *Tift v. State*, 133 Ga. App. 455 (2) (211 SE2d 409); *Andrews v. State*, 134 Ga. 71 (67 SE 422).

10. The trial judge did not err, as contended in enumerated error 14, in admitting in evidence testimony of two cousins who were cousins of the owner of the property for the sale of which the appellant misrepresented himself to be the agent, inducing Graves to make an offer to appellant's non-existent principal and to place with the appellant as earnest money the funds which he was convicted of having converted to his own use. The fact that their testimony was corroborative or cumulative to other evidence did not make it inadmissible.

11. The verdict was authorized by the evidence. The defendant admitted receiving the earnest money for the purchase of two houses and not repaying it. The question of intent was for the jury, and the intention was proved by evidence of the circumstances of the defendant's failure to present the offers, failure to place the money in escrow, conversion of the earnest money to his own use, tender of a bad check, flight from his office, and his sham transfer of his automobile. The credibility of the witnesses was a question for the jury, and the defendant's opportunity to impeach the adverse witness, if grounds therefor existed, was upon cross examination. Enumerated errors 1, 2 and 3 are without merit.

12. There being conflicts in the evidence, which does not clearly demand a verdict of acquittal as a matter of law, the trial judge did not err, as urged in enumerated error 4, in denying the motion for a directed verdict of acquittal. *Merino v. State*, 230 Ga. 604, 605 (198 SE2d 311). The matter of the contended variance between the allegations of the indictment and the proof is dealt with in Division 4 hereinabove.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

274

ARGUED JANUARY 12, 1976 — DECIDED MARCH 8, 1976 —
REHEARING DENIED MARCH 31, 1976 — 

*T. Edward Smith, Sampson Oliver, Jr.,* for appellant.

*Lewis R. Slaton,* District Attorney, *Joseph J. Drolet, H. Allen Moye,* Assistant District Attorneys, for appellee.