## 53159. CHAPLIN v. THE STATE.

McMurray, Judge.

Defendant was charged with the offense of a misdemeanor in that he did unlawfully, knowingly and wilfully obstruct and hinder a law enforcement officer in his duty of making the arrest of the defendant for a criminal violation. Defendant was convicted and sentenced to serve a sentence of two months. Defendant appeals.

The case was not reported. A narrative transcript was prepared by counsel for defendant who certified that he served a copy of same on the assistant district attorney who thereupon certified the narrative account was a substantially correct recitation of the testimony. Subsequently, the trial judge supplemented the record, stating: "It appears to the trial court that a misstatement of facts has been made in the record. The trial court, on it's own initiative . . . does hereby place in the record the correct facts on which the case was tried and a verdict rendered. The following are the facts on which this case was tried. The testimony of Officer J. J. Brown on direct examination by the district attorney. Officer Brown testified as follows: 'Acting on information that stolen C. B. radios were to change hands, several officers including myself, staked out the corner of Montgomery and Anderson Streets, Savannah, Georgia, as a previously described vehicle approached this corner several police cars converged blocking the vehicle. We identified

ourselves as police, the occupants of the vehicle exited the car and attempted to flee. Chaplin made three or four steps before he was apprehended. I spread him against the side of the car, patted him down and took him into custody.' " *Held:*

1. A motion to dismiss the appeal has been made by the state because the defendant has served the two months, and the appeal is therefore moot. Another ground of the motion is that the judge of the lower court should have approved the narrative transcript of the evidence under Code Ann. § 6-805 (i) (Ga. L. 1965, pp. 18, 24). However, sub-paragraph (i) involves a stipulation by the parties as to a statement of facts sufficient to enable the appellate court to pass upon the question presented and how the questions arose in lieu of sending up a transcript of record. This sub-paragraph does require the approval of the stipulation by the trial judge or the presiding judge of the court where the case is pending. But if the trial is not reported, and a transcript of evidence and proceedings is prepared from recollection the agreement of the parties thereto or their counsel shall entitle such transcript to be filed as a part of the record and will have the same binding effect as a transcript filed by the court reporter. See Code Ann. § 6-805 (g), supra. The transcript has been properly prepared and recorded, and it will be considered here including that portion of same as corrected by the trial court under Code Ann. § 6-805 (f), supra.

We now consider the issue of whether this case is moot. The general rule is that if defendant would receive no benefit by reversal of the case, it is moot. See *Burnham v. Burnham,* 215 Ga. 57 (108 SE2d 706); *Kelton v. John,* 220 Ga. 272 (138 SE2d 316); *Taylor v. Noland,* 220 Ga. 620 (140 SE2d 856); *Allen v. Smith,* 223 Ga. 265 (1) (154 SE2d 605). In the recent case of *Edwards v. City of Albany,* 136 Ga. App. 488 (221 SE2d 681), this court dismissed an appeal involving the violation of city ordinances as moot, "inasmuch as the defendant paid his fine before ever attempting a review by certiorari from the recorder's court." See also *Roberts v. State,* 137 Ga. App. 801 (225 SE2d 90). Other criminal cases in which the fine was paid in which the appeal was rendered moot were cited in support of the ruling.

However, the Supreme Court of the United States in Carafas v. LaVallee, 391 U.S. 234, 237 (1) (88 SC 1556, 20 LE2d 554); Sibron v. New York, 392 U.S. 40 (88 SC 1889, 20 LE2d 917); and United States v. Morgan, 346 U.S. 502, 512 (74 SC 247, 98 LE 248), has held that if the defendant has served the term, the results of the conviction may persist and subsequent convictions may carry severe penalties, and his civil rights may be affected. See Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357). The defendant is entitled to an opportunity to attempt to show that his conviction was invalid. Georgia does not decline to provide a means by which a person who has completed service of his sentence "may seek to redress legal grievances flowing from allegedly void convictions and thereby hope to escape lifelong adverse collateral consequences." *Parris v. State,* 232 Ga. 687, 691 (208 SE2d 493); *Nix v. State,* 233 Ga. 73, 75 (209 SE2d 597). We are bound to follow the decisions of both the Supreme Court of the United States and our own Supreme Court. Accordingly, we refuse to dismiss but to consider this case on its merits. *Edwards v. City of Albany,* 136 Ga. App. 488, supra, together with all other cases in conflict are expressly overruled.

2. In considering the testimony of the arresting officer on direct examination as corrected by the court under Code Ann. § 6-805 (f), we find that police officers during a stake-out of an intersection of streets, after blocking a motor vehicle "identified ourselves as police, the occupants exited the car and attempted to flee. Chaplin made three or four steps before he was apprehended." On cross examination, however, not corrected by the trial court, the narrative transcript of this same officer's cross examination testimony is that, "I saw Louis Chaplin get out on the right side of the car and move '3 or 4 steps' away from the vehicle. I shouted to him to halt, identified myself as a police officer, and at the command 'Halt' he did halt." Taking all of this testimony into consideration the evidence demands a finding that defendant did not obstruct the police officer in making the arrest and is insufficient to authorize a conviction.

*Judgment reversed. Bell, C. J., Deen, P. J., Webb, Marshall, Smith and Shulman, JJ., concur. Quillian,*

*P. J., dissents.*

Argued January 17, 1977 — Decided March 2, 1977 — Rehearing denied March 31, 1977.

*Owen J. Mullinax,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Kenneth R. Fielder, Robert M. Hitch, III, Assistant District Attorneys,* for appellee.

Quillian, Presiding Judge, dissenting.

I dissent from the majority opinion for two reasons.

1. The cases cited as a basis for holding that the appeal is not moot deal with issues brought to the Georgia Supreme Court under a petition for habeas corpus. This is an appeal enumerating as error only that: "the trial court erred in that the weight of the evidence is contrary to the verdict."

There are basic differences between the purpose of an appeal from a conviction and a petition of habeas corpus. "It is a well-settled rule of practice and procedure that where one. . .has been convicted of crime, habeas corpus cannot be used as a substitute for appeal or other remedial procedure for the correction of errors and irregularities; nor can it be used as a second appeal for such purpose. It is an appropriate remedy only when the judgment or sentence under which applicant is being restrained is not merely erroneous but is absolutely void." *Ferguson v. Balkcom,* 222 Ga. 676, 677 (151 SE2d 707); *Bonner v. Smith,* 226 Ga. 250, 251 (3) (174 SE2d 438). There is no allegation in this appeal that the conviction is void so as to make the habeas corpus cases cited by the majority applicable to this issue.

In habeas corpus petitions a void conviction may always be asserted as error, regardless of the age of the conviction. Thus, whether or not the sentence has been served under such conviction should not moot the issue of a void conviction "where the petitioner 'is suffering collateral consequences in the nature of a due process violation.' " *Nix v. State,* 233 Ga. 73, 75 (209 SE2d 597).

This court is one for "correction of errors of law." Art. VI, Sec. II, Par. VIII, Constitution of Georgia of 1945 (Code Ann. § 2-3708). We should adhere to the rule that on *an appeal* this court will not consider the record in any case where it is shown that the controversy or judgment has been satisfied. If we permit *appeals* where the issue has been mooted in criminal cases because of the possibility of adverse collateral consequences, where does this leave the issue of mootness in civil cases?

2. Even if I reached the merits, which I do not, there is no basis for reversal predicated on an enumeration of error that "the weight of the evidence is contrary to the verdict." As this court held in *O'Quinn v. James,* 127 Ga. App. 94, 96 (192 SE2d 507): "An enumeration of error that the verdict is against the weight of the evidence addresses itself to the discretion of the trial court, not this court (Code § 70-206) . . ." Accord, *Josey v. State,* 197 Ga. 82, 93 (28 SE2d 290).