## 53310. JEFFERSON v. THE STATE.

SHULMAN, Judge.

Appellant was convicted of hunting on the lands of another without permission and sentenced to one year's imprisonment, probated on condition he pay a $500 fine and abide by other conditions of probation. After partial payment of the fine, he brings this appeal.

1. Appellant has paid $450 of the $500 fine imposed on him. The state argues that payment of the fine renders the case moot. Appellant argues that because his sentence was probated upon condition he pay the fine, his nonpayment of a portion of it leaves him vulnerable to revocation of probation. Since he is, therefore, still subject to the powers of the court, the case is not moot. We agree with appellant.

This court has recently held in *Chaplin v. State,* 141 Ga. App. 788, post, on the basis of cases from the Supreme Courts of Georgia and the United States, that even where the defendant has served his sentence, the case is not moot because the results of the conviction may persist and subsequent convictions may carry severe penalties and his civil rights may be affected. "Georgia does not decline to provide a means by which a person who has completed service of his sentence 'may seek to redress legal grievances following from allegedly void convictions and thereby hope to escape lifelong adverse collateral consequences.' *Parris v. State,* 232 Ga. 687, 691 (208 SE2d 493)." *Chaplin v. State,* p. 790, post.

In *Chaplin,* the appellant had served his entire sentence. Here, appellant has not fully satisfied the judgment. It is, therefore, even more imperative here to

hold, and we do, that the matter is not moot and will be considered. The state has urged that this case is controlled by *Kowalski v. State,* 139 Ga. App. 12 (228 SE2d 19). But, *Chaplin,* supra, expressly overruled all cases in conflict therewith. *Kowalski* is, therefore, no longer controlling.

2. The enumerations of error on the general grounds are without merit. There was sufficient evidence to authorize the conviction.

3. In two related enumerations of error, appellant alleges that he has been denied due process of law by the prosecutor's suppression of evidence favorable to the defense. The evidence in question is a report by the arresting officer, who was the chief prosecution witness, relating to his superiors certain information which is in variance with his testimony at trial. Appellant asserts that this letter came to his attention only after the trial and conviction. While a copy of the letter may not have come into the possession of appellant until after the trial, the record establishes beyond doubt that appellant and his counsel were aware of the letter's existence and content. Attached to the record by stipulation of counsel is a document entitled "Case Fact," which makes reference to a report of appellant's arrest. The transcript shows that defense counsel questioned the arresting officer about the report, gaining an admission that a report was made. Defense counsel subsequently abandoned that line of questioning and made no further reference to the report until his motion for new trial.

It may be true that the duty of the prosecutor to reveal exculpatory evidence, being derived from due process requirements, is an affirmative one. Giles v. Maryland, 386 U. S. 66; *Clark v. State,* 138 Ga. App. 266 (8) (226 SE2d 89). However, we are not willing to hold that a defendant who is aware of the existence of apparently useful information can fail to make a request for it before or at trial, hoping for an acquittal, and then use the prosecution's failure to reveal the evidence as grounds for a new trial. The enumerations are without merit.

4. There having been no error shown in the trial, there was no error in denying appellant's motion for new trial.

*Judgment affirmed. Smith, J., concurs. Quillian, P. J., concurs in the judgment only.*

714

*McFadyen, Manchel & Johnson, Howard J. Manchel, Norman G. Johnson,* for appellant.

*D. E. Turk, District Attorney, Gary C. Christy, Assistant District Attorney,* for appellee.

On Motion for Rehearing.

On motion for rehearing, appellant's counsel, whose representation of appellant has been limited to this appeal, ably urges reconsideration of the decision in this case in light of his contention that the chief prosecution witness should be viewed as a prosecutor. He argues that adopting his view would demand a finding that the "prosecutor" committed perjury or, at least, withheld exculpatory information. Even if the witness be deemed a prosecutor, we cannot agree that the result would be changed.

The record shows that, although the witness initially denied having made a report, he intended the denial to mean that he had not prepared a formal routine report. Rather, he testified, he had responded to an inquiry from a higher level of the Department of Natural Resources. Appellant has produced nothing to show that the witness' answer was clearly erroneous, nor that the answer amounted to deliberate perjury.

The claim that the prosecutor withheld information from the defense is equally unavailing. The evidence would have served to impeach the chief prosecution witness' credibility. However, under the standard advanced as controlling by appellant, established by the U. S. Supreme Court in United States v. Agurs, 44 L.W. 5013 (June 24, 1976), the evidence would still not require a new trial. In that case, the court held that not every instance of prosecutorial withholding of evidence would warrant a new trial. The test is one of materiality.

"The proper standard of materiality must reflect our overriding concern with the justice of the finding of guilt . . . [i]f the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been

committed. This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial." United States v. Agurs, supra, p. 5017.

Considering the record as a whole, including the allegedly exculpatory evidence, there is still no reasonable doubt of guilt. In fact, the "omitted evidence," taken as a whole, tends to strengthen rather than weaken the prosecution's case.

*Motion for rehearing denied.*