## 60247. STONE MOUNTAIN REALTY, INC. v. WRIGHT.

BIRDSONG, Judge.

Real estate commission. Mattie Flowers retained the appellant real estate brokers, Stone Mountain Realty, Inc., to procure a purchaser for a substantial tract of urban land owned by Mrs. Flowers. The tract was placed in a "multi-list" publication and the listing was seen by appellee's husband, Mr. Wright. Mr. Wright contacted the listing agent who was an employee of Stone Mountain Realty. Mr. Wright went to the property and basically liked the potential in the property. On behalf of his wife, Mr. Wright entered into a cash purchase agreement with the seller Mrs. Flowers and gave a $1,000 check as escrow or deposit. The original contract was signed by Mr. Wright by use of a power of attorney on behalf of his wife, Mrs. Wright. Subsequently, the Wrights sought to reduce the cash outlay and obtained agreement from Mrs. Flowers permitting them to pay $42,000 in cash and the remainder over a period of years. A new contract was entered into between the parties but this time signed by Mrs. Flowers as seller and Mrs. Wright as purchaser. The same $1,000

was applied to this new contract as escrow. The contract also provided that the broker had provided valuable service in negotiating the contract and protected the broker's interest in a commission by providing that the full commission would be paid by the seller upon the sale of the property, or that the seller would pay the commission if the contract was not consummated through fault of the seller or by the purchaser if the contract was not consummated through the fault of the purchaser. The contract provided that time was of the essence of the contract and that closing would be on or before March 1, 1979. As matters developed all the parties involved allowed the March 1 date to approach without taking any steps to close the sale. The trial court was warranted on the evidence in concluding that Mrs. Flowers (who was represented by an attorney) was waiting for someone other than herself to prepare the necessary deeds and set the day for closing. The Wrights also were waiting for a formal date to be set for the closing and expected the necessary warranty deed, security deed and note to be presented at the closing, prepared either by Mrs. Flowers' attorney or by the broker, Stone Mountain Realty. The agent for Stone Mountain Realty contacted the Wrights and expected an attorney for the Wrights to prepare the necessary documentation and to set the date for closing. The evidence, however, is clear that at all times Mrs. Flowers was prepared to consummate the sale as were Mr. and Mrs. Wright. Even though Mr. Wright had determined the tract in actuality to be smaller in size than was asserted in the multi-list description, he still thought the sale was a beneficial one and would have gone through with it. It is uncontroverted that the time for closing, March 1, came and went and no closing was held. No warranty deed was ever prepared, nor was a security deed or promissory note. Mrs. Flowers agreed to extend the date for closing for one week, but this information was never communicated to the Wrights. Thereafter, Stone Mountain Realty made demand upon the Wrights to pay the full amount of the commission ($8,700) asserting an anticipatory breach of contract by the Wrights. The Wrights denied breaching the contract and filed a counterclaim for the return of the $1,000 escrow payment and attorney fees. Upon trial of the issues before the judge, the trial court found in favor of the Wrights on the complaint and in favor of the Wrights on the counterclaim for $1,000. During the trial of the case, the Wrights sought to show that the appellant had given an incorrect answer when responding to a request for admissions and sought to base a claim for attorney fees, on the failure to respond to the request for admissions. The trial court did not recall the testimony of a witness for appellant or whether the testimony was at variance with admissions. As a result appellees submitted a partial transcript to

establish the variance. The trial court accepted the transcript before ruling and entering judgment. That judgment denied attorney fees as a sanction for failing to render admissions. Stone Mountain Realty filed a motion for new trial asserting error upon the use of a partial transcript, contending that partial evidence tended to place undue emphasis upon that portion of the evidence. Stone Mountain Realty also enumerates as error the trial court's conclusion that the Wrights were entitled to recover the $1,000 as money had and received rather than as a matter of contract, as pled, and the conclusion that the Wrights had no obligation affirmatively to seek a closing, and as a corollary, the Wrights had not breached the contract thus denying Stone Mountain Realty its commission. *Held:*

1. We find no merit in the first enumeration of error. The trial court announced that it would enter its judgment upon its memory of the evidence and that it would not be necessary to submit a transcript. Counsel for the Wrights, however, was concerned that as to the issue of attorney fees based upon inconsistent admissions the trial court had either a faulty or no present recollection of the testimony which allegedly was inconsistent. As a result the entire testimony of that witness was presented to the trial court before it ruled upon the sanction of attorney fees. No other evidence was transcribed before the trial court entered its judgment. In view of the judgment of the trial court denying attorney fees, we consider this issue to be moot. *Burnham v. Burnham,* 215 Ga. 57 (108 SE2d 706). See *Allen v. Smith,* 223 Ga. 265 (1) (154 SE2d 605). The testimony generally of the witness was primarily beneficial to appellant and if there was added emphasis it would have been to the advantage of appellant. It is an old and sound rule that even assuming error, to be reversible, it must be harmful. *First Nat. Bank v. American Sugar Refining Co.,* 120 Ga. 717 (48 SE 326); *Burger Chef Systems v. Newton,* 126 Ga. App. 636, 639 (191 SE2d 479). This court is not an expounder of theoretical law, but administers practical law, and corrects only such errors as have practically wronged the complaining party. *Brown v. City of Atlanta,* 66 Ga. 71.

2. Appellants complain in their second enumeration of error that the trial court erred in rendering judgment for the Wrights against Stone Mountain Realty for the $1,000 as money had and received. Appellant seems principally to contend that the Wrights sought the return of the money based upon a breach of the contract, and because of its pleadings could not recover on a principle of money had and received. We also reject this argument. In their answer, the Wrights contended that the contract should be rescinded on the basis of fraud and that they should be placed in the position they were before the agreement with Mrs. Flowers. Though the trial court

rejected any findings of fraud, this did not eliminate the Wrights' demand for the return of their deposit. This clearly is a demand for money had and received. The evidence established that after demand had been made upon the Wrights for the payment of the commission, the Wrights made repeated demands for the return of their $1,000.

In this case we are faced with a situation where each party at interest did nothing to consummate a contract. That contract had a time limit which expired and thus the contract was extinguished by its own terms. The contract provided for the disposition of the deposit paid by the purchaser if the sale was consummated or failed because of the fault of either the purchaser or the seller. However, the contract did not provide for the disposition of the deposit where the sale was not consummated through the fault of neither the purchaser nor seller (a question we will consider in the next division of this opinion). It is clear therefore that as to this question (disposition of the deposit following failure of the contract of sale under these circumstances), the contract was vague if not silent and there was nothing to enforce. Under such circumstances, the trial court did not err in construing the contract by allowing the Wrights to recover their deposit. See *Potts v. Smith,* 134 Ga. App. 737 (1) (215 SE2d 697). This enumeration is without merit.

3. In its final enumeration of error, Stone Mountain Realty complains that the trial court erred in placing the burden upon it rather than the purchaser for arranging for a closing date and the preparation of the necessary documentation to transfer the property from Mrs. Flowers to the Wrights. The evidence shows that Mrs. Flowers desired to sell her homesite. She contacted Stone Mountain Realty to assist her in the accomplishment of that desire. Stone Mountain Realty obtained a description of the property and placed it in a multi-list. Mr. Wright saw the multi-list and contacted Stone Mountain's agent. Stone Mountain brought the putative purchaser and seller together but the contract for sale was drawn up by the seller's attorney. Thereafter, the realtor did nothing further to carry out the transfer of the property other than to make a few phone calls to the purchasers to see how they were proceeding in obtaining the necessary funds to pay the purchase price. When time became short, the agent maintained that he made several unsuccessful phone calls to the Wrights but was unable to reach them. Nothing was done to insure that a closing date was set prior to the expiration of the contract for sale. Even after the time expired and a week's extension had been obtained by the broker, this fact was not communicated to the Wrights and that week also expired.

Under the facts presented to the trial court, the court was warranted in concluding that there never was a burden on the seller to

arrange for a closing date. Though there apparently was confusion as between the purchaser and the realtor as to who would set a closing date and prepare the necessary paper work, the court was presented with conflicting evidence that the purchaser denied any responsibility for these occurrences and apparently resolved the conflict in favor of the purchaser. The realtor was hired to negotiate successfully a sale between the seller and purchaser. The realtor earns its fee by performing what it agreed to do. When the date came close for execution of the contract, we conclude that the realtor had a greater burden than simply to make several unsuccessful attempts to contact the purchaser. The realtor in this case could have forced the sale or clarified a breach by personally contacting or notifying in writing the purchaser and informing the purchaser that closing had to occur on or before March 1 (or within the week following) and that the Wrights should specify the date. The total absence of dispositive action to close the sale indicates to this court that the realtor did not earn its fee. In the absence of a finding by the court (a conclusion supported by competent evidence) that the burden of establishing a closing date was on someone other than the realtor, the court did not err in placing that burden on the realtor as a part of the consideration for its fee.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

ARGUED JULY 7, 1980 — DECIDED SEPTEMBER 25, 1980 —

*Tyler Dixon,* for appellant.
*Fletcher Thompson,* for appellee.