## 66674. PEACH v. THE STATE.

McMURRAY, Presiding Judge.

Defendant and another were convicted of the offense of burglary. This defendant was sentenced to serve a term of two years. After his motion for new trial was filed, heard and denied he appeals. *Held:*

1. The state has made a suggestion of mootness in that the defendant has served the two-year term prior to his appeal, citing *Roberts v. State,* 137 Ga. App. 801 (225 SE2d 90), and other cases holding that this court does not decide moot questions. We note, however, in *Chaplin v. State,* 141 Ga. App. 788 (234 SE2d 330), this court overruled *Edwards v. City of Albany,* 136 Ga. App. 488 (221 SE2d 681), and all other similar cases and held that if the results of the conviction may persist and subsequent convictions may carry severe penalties and his civil rights may be affected we would no longer dismiss but consider appeals on their merits based upon certain United States Supreme Court cases set forth therein. While we are unable to ascertain the correctness of the suggestion of mootness, nevertheless, it is clear that this is a case involving a felony and certainly the results of the conviction will persist under Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357) (now OCGA § 17-10-2, effective November 1, 1982). See also in this connection *Parris v. State,* 232 Ga. 687 (208 SE2d 493); *Nix v. State,* 233 Ga. 73, 75 (209 SE2d 597); *Cumbess v. State,* 241 Ga. 421 (246 SE2d 186), and cases cited therein. We, therefore, proceed to the merits of this case.

2. The sole enumeration here is that the evidence was insufficient to sustain the verdict of guilty. We disagree. A burglary occurred which was traced to the co-defendant and the state's evidence was sufficient to set forth a conspiracy by and between the defendant and co-defendant sufficient to support the conviction although depending upon circumstances to connect this defendant to the mobile home where the stolen goods were located. We have examined the record and transcript and find that a rational trier of fact (the trial judge without the intervention of a jury in the case sub

judice) could reasonably have found from the evidence adduced at trial proof of guilt of this defendant beyond a reasonable doubt. See *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171); *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263); *Moore v. State,* 240 Ga. 807, 811 (II) (1) (243 SE2d 1). The cases cited by the defendant in support of the fact that others had equal access to the mobile home where certain stolen items were recovered are inapposite here. The evidence fails to demand a finding that defendant was an innocent bystander.

*Judgment affirmed. Shulman, C. J, and Birdsong, J., concur.*

DECIDED SEPTEMBER 20, 1983.

*Ralph M. Walke,* for appellant.
*Beverly B. Hayes, Jr., District Attorney, H. Jeff Lanier, Assistant District Attorney,* for appellee.