## 73563. GAMBLE v. THE STATE.
### (354 SE2d 174)

CARLEY, Judge.

Appellant waived her right to a jury trial and the trial court found her guilty of giving a false name to a police officer. The trial court sentenced appellant to 30 days in jail and payment of a $1,000 fine, with the provision that the 30-day sentence would be suspended upon payment of the fine. Appellant filed the instant appeal from the judgment of conviction and sentence entered on the jury's verdict.

The State has moved to dismiss appellant's appeal as moot, supporting its motion by evidence that appellant paid the entire $1,000 fine prior to filing her notice of appeal. Compare *Jefferson v. State*, 141 Ga. App. 712 (234 SE2d 333) (1977). "Although a court may exercise its discretion to decide a criminal case even after the sentence has been served ([cits.]), it is not bound to do so. [Cits.]" *Baker v. State*, 240 Ga. 431, 432 (241 SE2d 187) (1978). Here, as in *Baker v. State*, supra at 432, if there are any "adverse collateral consequences" resulting from appellant's misdemeanor conviction, she "has not shown, on this record," their existence. Compare *Parris v. State*, 232 Ga. 687 (208 SE2d 493) (1974); *Peach v. State*, 168 Ga. App. 55 (308 SE2d 60) (1983). Likewise, any "question raised [in the instant case] is not one which can never be decided because it inevitably becomes moot prior to an appeal. . . ." *Baker v. State*, supra at 432. This is true because appellant was not required to pay the fine so as to avoid the immediate commencement of the 30-day sentence. "At no time, either before a court of inquiry, when indicted, after a motion for a new trial is made, or while an appeal is pending, shall any person charged with a misdemeanor be refused bail." OCGA § 17-6-1 (a). " '[O]ne convicted [of a misdemeanor] is entitled to bail as a matter of law. [Cits.]' " *Holcomb v. State*, 129 Ga. App. 86 (198 SE2d 876) (1973). Accordingly, in the absence of any evidence of "adverse collateral consequences" or of "inevitable mootness," "[w]e decline [to exercise our discretion] to reach the merits of this appeal. . . ." *Baker v. State*, supra at 432. See also *Henry v. State*, 148 Ga. App. 712 (252 SE2d 179) (1979). Compare *Chaplin v. State*, 141 Ga. App. 788 (234 SE2d 330) (1977).

*Appeal dismissed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 3, 1987 —
REHEARING DENIED FEBRUARY 25, 1987 —

*Herbert Shafer*, for appellant.

*John C. Carbo III, Solicitor,* for appellee.