A91A1994. WILSON v. THE STATE.
(413 SE2d 504)

McMURRAY, Presiding Judge.

Following a jury trial, defendant was convicted of failing to stop before making a right turn at a traffic signal. The trial court sentenced defendant to 12 months in confinement and payment of a fine of $150 and costs of $75. It provided, however, that the 12 months sentence would be suspended upon the payment of the fine and costs.

Defendant paid the full amount of the fine and costs on the day sentence was imposed. Thereafter, defendant moved for a new trial. The new trial motion was denied and defendant appeals. *Held*:

" 'Although a court may exercise its discretion to decide a criminal case even after the sentence has been served ((cits.)), it is not bound to do so. (Cits.)' *Baker v. State*, 240 Ga. 431, 432 (241 SE2d 187) (1978). Here, as in *Baker v. State*, supra at 432, if there are any 'adverse collateral consequences' resulting from [defendant's] misde-

---

meanor conviction, [he] 'has not shown, on this record,' their existence. Compare *Parris v. State*, 232 Ga. 687 (208 SE2d 493) (1974); *Peach v. State*, 168 Ga. App. 55 (308 SE2d 60) (1983). Likewise, any 'question raised (in the instant case) is not one which can never be decided because it inevitably becomes moot prior to an appeal. . . .' *Baker v. State*, supra at 432. This is true because [defendant] was not required to pay the fine so as to avoid the immediate commencement of the [12 months] sentence. 'At no time, either before a court of inquiry, when indicted, after a motion for a new trial is made, or while an appeal is pending, shall any person charged with a misdemeanor be refused bail.' OCGA § 17-6-1 (a). ' "(O)ne convicted (of a misdemeanor) is entitled to bail as a matter of law. (Cits.)" ' *Holcomb v. State*, 129 Ga. App. 86 (198 SE2d 876) (1973). Accordingly, in the absence of any evidence of 'adverse collateral consequences' or of 'inevitable mootness,' '(w)e decline (to exercise our discretion) to reach the merits of this appeal. . . .' *Baker v. State*, supra at 432. See also *Henry v. State*, 148 Ga. App. 712 (252 SE2d 179) (1979). Compare *Chaplin v. State*, 141 Ga. App. 788 (234 SE2d 330) (1977)." *Gamble v. State*, 181 Ga. App. 871 (354 SE2d 174).

*Appeal dismissed. Sognier, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 21, 1991 —
RECONSIDERATION DENIED DECEMBER 3, 1991 — 

*James S. Wilson, pro se.*
*Keith C. Martin, Solicitor, Jackie N. Stanton, Assistant Solicitor,* for appellee.

