A92A1690. NEWTON v. THE STATE.
(423 SE2d 707)

McMURRAY, Presiding Judge.

Defendant Newton was convicted on a speeding charge before the municipal court of the City of Doraville. The municipal court fined defendant $75, which fine was paid in full without protest on the date of trial and sentencing. The Superior Court of DeKalb County overruled defendant's petition for writ of certiorari and defendant appeals. *Held*:

" 'Although a court may exercise its discretion to decide a criminal case even after the sentence has been served ((cits.)), it is not bound to do so. (Cits.)' *Baker v. State*, 240 Ga. 431, 432 (241 SE2d 187) (1978). Here, as in *Baker v. State*, supra at 432, if there are any 'adverse collateral consequences' resulting from [defendant's] misdemeanor conviction, [he] 'has not shown, on this record,' their existence. Compare *Parris v. State*, 232 Ga. 687 (208 SE2d 493) (1974); *Peach v. State*, 168 Ga. App. 55 (308 SE2d 60) (1983). Likewise, any 'question raised (in the instant case) is not one which can never be decided because it inevitably becomes moot prior to an appeal . . .' *Baker v. State*, supra at 432. This is true because [defendant] was not required to pay the fine so as to avoid the immediate commencement

of the [12 months] sentence. 'At no time, either before a court of inquiry, when indicted, after a motion for a new trial is made, or while an appeal is pending, shall any person charged with a misdemeanor be refused bail.' OCGA § 17-6-1 (a). ' "(O)ne convicted (of a misdemeanor) is entitled to bail as a matter of law. (Cits.)" ' *Holcomb v. State*, 129 Ga. App. 86 (198 SE2d 876) (1973). Accordingly, in the absence of any evidence of 'adverse collateral consequences' or of 'inevitable mootness,' '(w)e decline (to exercise our discretion) to reach the merits of this appeal. . . .' *Baker v. State*, supra at 432. See also *Henry v. State*, 148 Ga. App. 712 (252 SE2d 179) (1979). Compare *Chaplin v. State*, 141 Ga. App. 788 (234 SE2d 330) (1977)." *Gamble v. State*, 181 Ga. App. 871 (354 SE2d 174). See also *Wilson v. State*, 202 Ga. App. 160 (413 SE2d 504). As there is no suggestion that the record sent up from the superior court is incomplete or erroneous, defendant's motions predicated on OCGA § 5-6-48 (d) are denied.

*Appeal dismissed. Sognier, C. J., and Andrews, J., concur.*

DECIDED OCTOBER 8, 1992 —

Joseph W. Newton, *pro se.*
*Robert E. Wilson, District Attorney, Edward E. Carter*, for appellee.

